■ JOHN HAMMOND, Respondent, v INTERNATIONAL PAPER COMPANY, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered May 18, 1989 in Clinton County, which denied defendant's motion for summary judgment dismissing the complaint.

On the day of the injury, plaintiff, an ironworker whose employer was performing construction work at defendant's paper mill, entered the building, walked down a hallway past a paper producing machine and slipped on a wet concrete floor; he had traversed this area some 30 to 40 times previously. The near fall allegedly injured his groin and back. In his complaint, plaintiff asserts that defendant violated Labor Law §§ 200 and 241 (6). Following discovery, defendant, claiming that plaintiff's oral deposition negated the existence of any triable issues of fact, moved for summary judgment. Supreme Court denied the motion and defendant appeals.

Labor Law § 200 (1) codifies the common-law duty to provide a safe working environment (Allen v Cloutier Constr. Corp., 44 NY2d 290, 299; Whitaker v Norman, 146 AD2d 938, 939, affd 75 NY2d 779). It requires that all work areas be "constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places" (Labor Law § 200 [1]). Liability under this section is based upon a failure to take reasonable care and prudence in securing the safety of the work area (see, Yearke v Zarcone, 57 AD2d 457, 459, lv denied 43 NY2d 643), and typical negligence standards govern adjudication of these disputes (see, Employers Mut. Liab. Ins. Co. v Di Cesare & Monaco Concrete Constr. Corp., 9 AD2d 379, 382; see also, 1 NY PJI2d 494).

Defendant does not deny that it owed plaintiff a duty to warn him of the dangers in its plant stemming from wet conditions which are said to inhere in defendant's manufacturing process. Rather, defendant maintains that it satisfied that duty and that plaintiff has not shown otherwise. In his examination before trial, plaintiff acknowledged that when he first began working at defendant's plant nine months earlier, he was furnished a booklet which contained an accurate description of hazards of which to be aware including slippery floors and slippery areas; that signs abounded in the plant regarding the condition of the floor; that at the time of the

accident he knew the floor was damp and observed a sign, hanging at eye level in the area where he slipped, which read " 'Floor Slippery When Wet', or something like that"; and that the lighting was "pretty good".

That plaintiff believes that an additional warning device should have been utilized, namely portable "wet floor" signs to warn of the floor's condition, is of no moment for the uncontroverted fact is that the methods defendant employed adequately warned plaintiff of the slippery condition of the floor in the area where he lost his footing. As plaintiff submitted no evidence to rebut defendant's proof that it provided adequate warnings (see, Zuckerman v City of New York, 49 NY2d 557, 562), summary judgment should have been directed in defendant's favor (cf., Lee v Fisher Hotels, 130 AD2d 628, 629) with respect to plaintiff's claim insofar as it is based on Labor Law § 200.

In contrast, however, Supreme Court correctly determined that a triable issue of fact exists regarding plaintiff's Labor Law § 241 (6) claim. Plaintiff charges that defendant violated 12 NYCRR 23-1.7 (d), which implements section 241 (6) and unequivocally requires employers to remove, sand, or cover any ice, snow, grease, water or other foreign substance which might cause a floor, passageway or walkway to become slippery. Defendant argues that the rule is inapplicable to a situation in which it is impossible to comply with its literal dictates (see, e.g., Ortiz v Uhl, 39 AD2d 143, affd 33 NY2d 989). Irrespective of whether Ortiz applies when an accident arises from a proper use of the owner's facilities (cf., supra, at 147), defendant's supporting motion papers do not conclusively demonstrate that compliance was infeasible. An affidavit from defendant's machine foreman indicated only that "[i]nherent in the cleaning operation is the fact that water will accumulate on the floor of the plant [and e]ven with drainage, the floor will remain wet after these operations". Nowhere, except in its brief on appeal, does defendant suggest that sanding or covering the slippery area would not be possible. As defendant has not shown that compliance with 12 NYCRR 23-1.7 (d) is infeasible, plaintiff's cause of action based on Labor Law § 241 (6) must stand.

Order modified, on the law, without costs, by reversing so much thereof as denied the motion regarding plaintiff's cause of action under Labor Law § 200; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed. Weiss, J. P., Yesawich, Jr., and Mercure, JJ., concur.

Mikoll and Levine, JJ., concur in part and dissent in part in

a memorandum by Mikoll, J. Mikoll, J. (concurring in part and dissenting in part). We concur with the majority's denial of defendant's motion for summary judgment regarding plaintiff's cause of action under Labor Law § 241 (6). In our view, however, defendant's motion for summary judgment regarding plaintiff's cause of action based on Labor Law § 200 (1) should likewise be denied. Plaintiff, while employed as a welder for Commercial Welding Company, was working on a construction project at defendant's paper mill factory. He was injured as a result of a slip on defendant's wet floor in a passageway behind what is referred to as the wet end of a paper producing machine known as machine No. 8. Plaintiff claimed that he slipped on the "stuff" on the floor. Defendant manufactured paper, and moisture and dampness were indigenous to this process. The floors were often wet and, at times, covered with stock which ran over from the machines when they were hosed clean with water. The employer's handbook warned employees of the danger of the wet floors, as did ample signs displayed around the plant.

Defendant's motion seeking summary judgment is premised on the contention that it had not breached any duty of care that it owed to plaintiff under Labor Law § 200 (1) and § 241 (6) because it had sufficiently warned plaintiff of the dangers in the plant from wet conditions which were inherent in the manufacturing process. Supreme Court denied the motion for summary judgment, finding that defendant had not come forward with sufficient evidence to establish as a matter of law that plaintiff did not have a cause of action. We concur with that conclusion.

Summary judgment is appropriate when no material question of fact exists for resolution by the trier of facts. Labor Law § 200 (1) codifies the common-law duty to provide a safe working environment. The record gives rise to the question of whether defendant had met its obligation to provide reasonable and adequate protection for the safety and welfare of persons employed there. It is a question of fact whether the utilization of signs combined with the notice in the employees' handbook was sufficient to meet defendant's duty of reasonable care. Several other possibilities come readily to mind—for example, should rubber mats have been provided to give a nonskid footing on the wet side of machine No. 8, should frequent mopping and/or washing down have been employed to keep the stock from the passageway, should workers have been directed not to pass on the wet side of machine No. 8 and so on. It cannot be said that no question of fact exists as to

defendant's negligence. Summary judgment was thus properly denied.

The order of Supreme Court should be affirmed.