■ SCOTT E. MILLER, Respondent, v WILMORITE, INC., et al., Defendants, and MULACH PARKING STRUCTURES CORPORATION, Appellant. [648 NYS2d 485] —Order unanimously affirmed with costs. Memorandum: Mulach Parking Structures Corporation (defendant) appeals from that portion of an order that denied its motion for summary judgment dismissing plaintiff's cause of action alleging a violation of Labor Law § 200. Defendant contends that it did not supervise or control plaintiff's work and that therefore the Labor Law § 200 cause of action should be dismissed. Plaintiff was injured while working in the employ of Burns Electric Company, Inc., the electrical subcontractor, in the construction of a multi-level parking garage, a project on which defendant was the general contractor. Plaintiff and his co-workers were working on the third level of the garage, the concrete floor of which had not yet been poured. The work surface consisted of heavy gauge wire mesh and metal reinforcing rods over metal decking. Plaintiff's function was to mark and drill holes through the floor of the third level. The work required plaintiff to traverse the surface by walking over the exposed wire mesh and reinforcing rods. While helping to move a portable generator from one portion of the third level to another, plaintiff slipped on a wet spot on the metal decking, caught his foot on a metal reinforcing rod and fell, injuring his back.

Supreme Court properly denied defendant's motion for summary judgment dismissing the Labor Law § 200 cause of action. The statute is a codification of the common-law duty of an owner or contractor to exercise reasonable care to provide workers with a safe place to work (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505; Rusin v Jackson Hgts. Shopping Ctr., 27 NY2d 103, 106-107, rearg denied 27 NY2d 817). There is a distinction between those cases in which the injury was caused by the defective condition of the premises and those in which the injury was the result of a defect not "in the land itself but in the equipment or its operation" (Nagel v Metzger, 103 AD2d 1, 8). With respect to the latter, the duty to provide a safe place to work is not breached when the injury arises out of a defect in the subcontractor's own plant, tools, materials, or methods, or through negligent acts of the subcontractor occurring as a detail of the work, unless the owner or contractor exercised some degree of supervision or control (see, Ross v Curtis-Palmer Hydro-Elec. Co., supra, at 505; Allen v Cloutier Constr. Corp., 44 NY2d 290, 299, rearg denied 45 NY2d 776).

Here, plaintiff was injured not as a result of a defect in the subcontractor's plant or methods of work, but rather as a result of an alleged defect in the premises themselves. Defendant made no showing that it did not supervise or control the manner or progress of the concrete work in particular or the general condition of the premises. Thus, there is a triable question of fact on that issue warranting the denial of summary judgment, irrespective of defendant's lack of supervision and control over the details of plaintiff's work. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Denman, P. J., Pine, Fallon, Wesley and Davis, JJ.