■ JERE A. WINKELMAN, Appellant, v ALCAN ALUMINUM CORPORATION et al., Respondents. ALCAN ALUMINUM CORPORATION et al., Third-Party Plaintiffs, v J. P.W. RIGGERS & ERECTORS, INC., Third-Party Defendant-Respondent. [685 NYS2d 167] —Judgment unanimously modified on the law and as modified affirmed with costs to plaintiff and new trial granted on Labor Law § 241 (6) claim only in accordance with the following Memorandum: Plaintiff sustained severe burns over approximately one quarter of his body when the clothing he was wearing was ignited by sparks while he was welding steel from a lift approximately 60 feet above the ground at a construction site. Supreme Court granted the motion of defendants and third-party defendant, made at the close of plaintiff's proof, for judgment dismissing plaintiff's Labor Law §§ 200 and 241 (6) claims..On appeal, plaintiff, as limited by his brief, challenges only the dismissal of the Labor Law § 241 (6) claim.

With respect to the section 241 (6) claim, the court concluded that 12 NYCRR 23-1.25 (d) and (e) (3) restate the general rule that a safe working environment must be provided and do not mandate compliance with concrete specifications to support a Labor Law § 241 (6) claim (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502-504). We agree that, insofar as it requires an owner or general contractor to provide "appropriate protective apparel" for welders, 12 NYCRR 23-1.25 (d) sets forth a general safety standard that is not a basis for relief under Labor Law § 241 (6) (see, Ross v Curtis-Palmer Hydro-Elec. Co., supra, at 502). We conclude, however, that 12 NYCRR 23-1.25 (e) (3), which requires that welders be provided with an approved fire extinguisher or fire pail filled with a fire extinguishing agent within their easy reach while welding in the vicinity of combustible materials, sets forth a concrete specification, the violation of which serves as a basis for liability under Labor Law § 241 (6). Because plaintiff raised factual issues regarding the applicability of 12 NYCRR 23-1.25 (e) (3) and whether the violation of that regulation was a proximate cause of his accident, the court erred in dismissing his Labor Law § 241 (6) claim. Thus, we modify the judgment by denying in part the trial motion and reinstating the Labor Law § 241 (6) claim, and we grant a new trial on that claim only. Because plaintiff is entitled to a new trial, we do not reach the alleged evidentiary errors at trial. (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Negligence.) Present—Green, J. P., Wisner, Hayes, Balio and Fallon, JJ.