■ JERZY RZEPKA, Respondent, v 50 E. 78TH CORPORATION et al., Defendants, and POLIR CONSTRUCTION, INC., Appellant. [691 NYS2d 102] —In an action to recover damages for personal injuries based on violations of the Labor Law, the defendant Polir Construction, Inc., appeals from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated August 19, 1998, as denied that branch of its motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6) insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

To support a cause of action pursuant to Labor Law § 241 (6), the plaintiff must allege violations of a specific provision of the Industrial Code (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494). Contrary to the appellant's contention, the plaintiff's allegation of a violation of the provision of the Industrial Code codified in 12

NYCRR 19.32, which was in effect at the time of his accident, was sufficient to sustain his cause of action pursuant to Labor Law § 241 (6) (*see, Chavious v Friends Academy,* 213 AD2d 509). Moreover, we conclude that the appellant failed to establish as a matter of law that the provision of the Industrial Code codified in 12 NYCRR 19.32 is inapplicable to the facts of this case.

The appellant's remaining contentions are without merit. O'Brien, J. P., Goldstein, Luciano and Schmidt, JJ., concur.