ALBERT N. FARRELL, JR., Appellant, v JOSEPH OKEIC, Respondent. [698 NYS2d 132] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell through the loft of a barn owned by defendant. The barn is located on property that includes defendant's single-family home and farm acreage that is rented by a neighboring farmer. The farmer also uses the barn to store hay and livestock. Defendant hired plaintiff's employer to repair the barn roof, and plaintiff was preparing to commence that repair work when the accident occurred. Plaintiff alleges that his injuries are the result of defendant's negligence and violation of Labor Law §§ 200, 240 (1) and § 241 (6).

Supreme Court properly denied plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) and § 241 (6) and granted that part of defendant's cross motion for summary judgment seeking dismissal of the Labor Law § 240 (1) and § 241 (6) claims. Defendant submitted proof establishing that he is entitled to the benefit of the homeowner exemption provided in those statutes, notwithstanding the presence of commercial activity on his property (*see, Bartoo v Buell*, 87 NY2d 362, 366; *Cannon v Putnam*, 76 NY2d 644, 650). It is undisputed that defendant did not direct or control the work resulting in plaintiff's injury (*see*, Labor Law § 240 [1]; § 241). Further, defendant used the barn to store his personal belongings, including various tools and equipment, and his mother's household furniture. Although the repair work will also benefit the commercial use of the barn by the tenant farmer, it "was undertaken to preserve the structural integrity of the barn itself and to protect [defendant's] own possessions and those of [defendant's mother]" (*Bartoo v Buell, supra,* at 369). Thus, "any commercial benefit was ancillary to the substantial residential purpose served by fixing the leaking barn roof" (*Bartoo v Buell, supra,* at 369).

The court erred, however, in granting that part of defendant's cross motion seeking dismissal of the common-law negligence and Labor Law § 200 claims. In determining an owner's potential liability under the common law or the statute, we must recognize the "distinction between those cases in which the injury was caused by the defective condition of the premises and those in which the injury was the result of a defect not 'in the land itself but in the equipment or its operation' (*Nagel v Metzger*, 103 AD2d 1, 8)" (*Miller v Wilmorite, Inc.*, 231 AD2d 843). In the latter case, defendant is not liable because he exercised no supervisory control over the injury-producing work (*see, Miller v Wilmorite, Inc., supra*). In the instant case, however, plaintiff alleges that his injury was caused by the defective condition of the premises, and defendant failed to meet his burden of establishing that he did not breach his duty "to take reasonable care and prudence in securing the safety of the work area" (*Hammond v International Paper Co.*, 161 AD2d 914). The record does not support the contentions that plaintiff may not recover for injuries allegedly resulting from the defective condition of the loft floor because he was hired to remedy that condition (*cf., Lindstedt v 813 Assocs.*, 238 AD2d 386, 387, *lv dismissed* 90 NY2d 1007, *rearg denied* 91 NY2d 867; *Skinner v G & T Realty Corp.*, 232 AD2d 627) or because that condition was readily observable (*cf., Hill v Corning Inc.*, 237 AD2d 881, *lv dismissed in part and denied in part* 90 NY2d 884).

We therefore modify the order by denying that part of defendant's cross motion for summary judgment seeking dismissal of the common-law negligence and Labor Law § 200 claims and reinstating those claims. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Denman, P. J., Green, Scudder, Callahan and Balio, JJ.