■ PAUL T. GRESO et al., Respondents, v NICHTER CONSTRUCTION CO., INC., et al., Defendants, and CIMINELLI-COWPER CO., INC., Appellant. [700 NYS2d 348] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint against defendant Ciminelli-Cowper Co., Inc. dismissed. Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Paul T. Greso (plaintiff) when he fell down a permanent stairway. At the time of his fall, plaintiff was carrying a bolt of wall-covering up the stairway. Supreme Court erred in denying that part of the motion of Ciminelli-Cowper Co., Inc. (defendant) seeking summary judgment dismissing the Labor Law § 240 (1) claim. "Labor Law § 240 (1) does not apply where plaintiff falls on a

permanently installed stairway" (*Monroe v New York State Elec. & Gas Corp.*, 186 AD2d 1019). Speculation that plaintiff could have safely performed his work with the aid of a material hoist does not defeat defendant's entitlement to summary judgment dismissing the Labor Law § 240 (1) claim (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). The fact remains that the stairway where plaintiff fell "was undisputedly a permanent passageway between two parts of the building; and was not a tool or device employed solely to provide access to an elevated worksite" (*Sponholz v Benderson Prop. Dev.*, 266 AD2d 815).

The court also erred in denying that part of defendant's motion seeking summary judgment dismissing the Labor Law § 200 claim and the common-law negligence cause of action. Defendant established that it exercised no supervisory control over the method of plaintiff's work (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *McCune v Black Riv. Constructors*, 225 AD2d 1078, 1079), and plaintiffs failed to submit proof raising a triable issue of fact. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Green, J. P., Hayes, Scudder and Balio, JJ.