■ WAYNE E. SPONHOLZ et al., Respondents-Appellants, v BENDERSON PROPERTY DEVELOPMENT, INC., et al., Appellants-Respondents and Third-Party Plaintiffs. J.A. WIERTEL CONSTRUCTION, INC., Third-Party Defendant-Respondent. [709 NYS2d 748] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Wayne E. Sponholz (plaintiff) commenced this action seeking damages for injuries he allegedly sustained when the stairway he was using collapsed, causing him to fall 12 to 15 feet to the first floor. We previously concluded that defendants were entitled to summary judgment dismissing the Labor Law § 240 (1) claim because the stairway did not constitute a temporary statutory device within the meaning of that section (*Sponholz v Benderson Prop. Dev.,* 266 AD2d 815). We now conclude that triable issues of fact exist with respect to part of the Labor Law § 241 (6) claim and the Labor Law § 200 and common-law negligence claims.

With respect to Labor Law § 241 (6), we disagree with defendants that plaintiff is not a covered employee under that section because he was engaged in routine maintenance. Labor Law § 241 (6) "requires contractors and owners to provide 'reasonable and adequate protection and safety' to employees working in, and persons lawfully frequenting, '[a]ll areas in which construction, excavation or demolition work is being performed' " (*Jock v Fien,* 80 NY2d 965, 968). Plaintiff's employer was hired to inspect and, if necessary, to repair the air conditioning units in furtherance of the renovation of the building. Plaintiff inspected and repaired those air conditioning units before the renovation was complete, and thus his work was "necessary and incidental" to the renovation of the building (*Mosher v St. Joseph's Villa,* 184 AD2d 1000, 1002; *see generally, Shaheen v International Bus. Machs. Corp.,* 157 AD2d 429, 431-433).

Supreme Court erred in granting that part of defendants' motion for summary judgment dismissing the Labor Law § 241

(6) claim with respect to the alleged violations of 12 NYCRR 23-3.2, concerning general requirements for demolition work, and 12 NYCRR 23-3.3, concerning demolition procedures. Contrary to the court's determination, there are triable issues of fact concerning the applicability of those regulations, including whether there was a partial dismantling of the building (*see,* 12 NYCRR 23-1.4 [b] [16] [defining "demolition work"]; *Gonzalez v Marine Midland Bank,* 259 AD2d 999, 1000), and whether the stairway was a "structure" (12 NYCRR 23-3.2 [b]) or a "weakened or deteriorated floor[ ] or wall[ ]" (12 NYCRR 23-3.3 [c]) that required stabilization. The court properly denied that part of defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim with respect to the alleged violation of 12 NYCRR 23-1.7 (f). That regulation requires that stairways, ramps, runways, ladders, or other safe means of access be provided. There is a triable issue of fact whether defendants provided a safe stairway for plaintiff to use. Contrary to the contention of plaintiffs, they are not entitled to partial summary judgment on the Labor Law § 241 (6) claim with respect to any of those alleged violations.

The court further erred in denying that part of defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim with respect to the alleged violation of 12 NYCRR 23-2.7. Plaintiffs may not rely upon 12 NYCRR 23-2.7 (e), which requires protective railings on stairways. The lack of safety railings was not a proximate cause of plaintiff's fall; it is undisputed that plaintiff was injured because the stairway collapsed, not because he slipped or tripped on the stairway (*cf., Frank v Meadowlakes Dev. Corp.,* 256 AD2d 1141).

We agree with plaintiffs that the court erred in granting that part of defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims. Defendants contend that they are not liable because they did not supervise or control the demolition and renovation work, nor did they have actual or constructive notice of the alleged defect. There is a distinction, however, "between those cases in which the injury was caused by the defective condition of the premises and those in which the injury was the result of a defect not 'in the land itself but in the equipment or its operation' (*Nagel v Metzger,* 103 AD2d 1, 8)" (*Miller v Wilmorite, Inc.,* 231 AD2d 843). "In the latter case, [a] defendant is not liable * * * [if] he exercised no supervisory control over the injury-producing work" (*Farrell v Okeic,* 266 AD2d 892, 893). In the instant case, however, plaintiff alleges that his injury was caused by the unstable stairway, a defective condition of

the premises. Defendants failed to meet their initial burden of establishing that they took "reasonable care and prudence in securing the safety of the work area" (*Hammond v International Paper Co.*, 161 AD2d 914; *see, Motyka v Ogden Martin Sys.*, 272 AD2d 980; *Farrell v Okeic, supra*).

In addition, defendants failed to establish that they neither created nor had actual or constructive notice of the unstable stairway (*see, Gambee v Dunford*, 270 AD2d 809; *Carnicelli v Miller Brewing Co.*, 191 AD2d 980, 981). Defendants were aware that the supporting wall adjacent to the stairway was removed in the course of the renovation. There was no inspection of the stairway until after it collapsed, and defendants presented no evidence that the alleged defect in the stairway could not have been discovered through a reasonable inspection before it collapsed. Thus, we modify the order accordingly. (Appeals from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Pine, J. P., Hayes, Kehoe and Lawton, JJ.