■ RICHARD P. MATTHEWSON et al., Respondents, v COUNTY OF ERIE et al., Appellants. [711 NYS2d 815] —Order reversed on the law without costs, motion denied, cross motion granted and Labor Law §§ 200 and 240 (1) and common-law negligence

claims dismissed. Memorandum: Plaintiffs commenced this action to recover for personal injuries allegedly sustained by Richard P. Matthewson (plaintiff) in a slip and fall at a construction site allegedly owned by defendants. Defendants appeal from an order granting plaintiffs' motion for partial summary judgment on the claim alleging the violation of Labor Law § 240 (1); denying that part of defendants' cross motion for summary judgment dismissing that claim; and denying that part of defendants' cross motion for summary judgment dismissing the claims alleging common-law negligence and the violation of Labor Law § 200.

We agree with defendants that Labor Law § 240 (1) is inapplicable inasmuch as plaintiff's injuries did not result from a fall from an elevated worksite or other elevation-related risk (*see, Melber v 6333 Main St.,* 91 NY2d 759, 763; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514). The risk that plaintiff would slip, lose his balance, and slide down the natural slope of the ground was one of the "usual and ordinary dangers at a construction site", not the "type of extraordinary peril section 240 (1) was designed to prevent" (*Nieves v Five Boro Air Conditioning & Refrig. Corp.,* 93 NY2d 914, 916).

We also agree with defendants that they are entitled to summary judgment dismissing the common-law negligence and Labor Law § 200 claims. In support of their motion, defendants established that they had no authority to supervise or control plaintiff's work or the allegedly defective condition of the worksite (*see, Casey v Niagara Mohawk Power Corp.* [appeal No. 1], 269 AD2d 775; *DiVincenzo v Plaza Farms Dev.,* 269 AD2d 842). In opposition, plaintiff failed to raise a triable question of fact on the issue of defendants' supervision and control (*see, Casey v Niagara Mohawk Power Corp., supra; Greso v Nichter Constr. Co.,* 267 AD2d 1074).

All concur except Hayes, J., who dissents in part and votes to modify in the following Memorandum.

Hayes (dissenting in part). I respectfully dissent in part. Contrary to the majority's characterization of the accident as a "slip and fall," the undisputed evidence establishes that Richard P. Matthewson (plaintiff) fell as he descended into an excavation by means of a makeshift staircase consisting of large wooden pallets stacked on a rock. That "excavation posed 'the type of elevation-related risk for which Labor Law § 240 (1) provides protection' " (*Bockmier v Niagara Recycling,* 265 AD2d 897, quoting *Covey v Iroquois Gas Transmission Sys.,* 89 NY2d 952, 954). Further, the evidence that the makeshift staircase provided the only means of access to the worksite and

that no other safety devices were provided establishes that "the absence of or defect in a safety device was the proximate cause of [plaintiff's] injuries" (*Felker v Corning Inc.,* 90 NY2d 219, 224). Thus, I would affirm those parts of the order granting plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) claim and denying that part of defendants' cross motion for summary judgment dismissing that claim. I agree with the majority that Supreme Court erred in denying that part of defendants' cross motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence claims. (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.