■ PAUL PIAZZA et al., Appellants-Respondents, v FRANK L. CIMINELLI CONSTRUCTION CO., INC., et al., Respondents-Appellants, et al., Defendants. MENORAH CAMPUS, INC., et al., Third-Party Plaintiffs, v ACKERMAN & HUEBSCH, INC., et al., Third-Party Defendants-Respondents-Appellants, et al., Third-Party Defendant. FRANK L. CIMINELLI CONSTRUCTION CO., INC., Third-Party Plaintiff, v ACKERMAN & HUEBSCH, INC., et al., Third-Party Defendants-Respondents-Appellants, et al., Third-Party Defendant. [770 NYS2d 504]—

Appeal and cross appeals from an order of Supreme Court, Erie County (Mahoney, J.), entered September 4, 2002, which, inter alia, granted in part the motions of defendants Frank L. Ciminelli Construction Co., Inc. and Menorah Campus, Inc. for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of the motions of defendants Menorah Campus, Inc. and Frank L. Ciminelli Construction Co., Inc. and third-party defendant Ackerman & Huebsch, Inc. seeking dismissal of the common-law negligence cause of action and Labor Law § 200 claim against defendant Frank L. Ciminelli Construction Co., Inc. and the Labor Law § 241 (6) claim insofar as it is based on the alleged violations of 12 NYCRR 12-1.4 (b) (3) and (4), 12-1.6 (a), 12-1.9 (a) (1), (b) (5) and (6), and 23-1.25 (a) (2) (i) and reinstating the common-law negligence cause of action and Labor Law §§ 200 and 241 (6) claims to that extent and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this common-law negligence and Labor Law action seeking damages for burn/ inhalation injuries sustained by Paul Piazza (plaintiff) in an explosion while he was using a torch to solder copper joints. Plaintiff was employed by third-party defendant Ackerman & Huebsch, Inc. (Ackerman) at the time of the injury. Defendant-third-party plaintiff Menorah Campus, Inc. (Menorah), the owner of the property, hired defendant-third-party plaintiff Frank L. Ciminelli Construction Co., Inc. (Ciminelli) to construct the Menorah Campus complex in Amherst. Ciminelli subcontracted with Ackerman to provide plumbing work. At the time of his accident, plaintiff was soldering copper joints in a crawl space underneath one of the homes at the Menorah Campus. The crawl space was approximately 32 inches in height and 30 feet wide by 60 feet long. By all accounts, the smell in the crawl space was horrible and was caused in part by wet

insulation. Plaintiff and several other workers complained about the bad smell, and Ciminelli was aware of the complaints. On the day of the accident, plaintiff took the torch from his coworker and began using it to solder the joints. After approximately five minutes, he brought the torch near his face in order to finish the last joint. When he did so, he smelled acetylene gas and immediately turned off the torch using the valve on the torch handle. An explosion then occurred, directly in front of his face. According to plaintiff, acetylene gas, which has a strong odor, had been leaking in the area of the coupling from the hose to the torch handle but, because of the stench in the crawl space, he was unable to smell the acetylene gas until the torch was directly in front of his face. Also according to plaintiff, if there had been proper ventilation in the crawl space, the acetylene gas would not have accumulated and eventually exploded. Menorah and Ciminelli each moved for summary judgment dismissing the complaint against them and Ackerman moved for summary judgment dismissing the complaint. Plaintiffs contend on their appeal that Supreme Court erred in granting those parts of the motions seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based on the alleged violations of various regulations set forth in 12 NYCRR part 12 as well as 12 NYCRR 23-1.7 (e) (2) and 23-1.25 (a) (2) (i) against Menorah and Ciminelli and seeking summary judgment dismissing the Labor Law § 200 claim and the common-law negligence cause of action against those two defendants. Menorah and Ciminelli, along with Ackerman and third-party-defendant-fourth-party plaintiff, Mader Construction Corporation, contend on their cross appeals that the court should have dismissed the Labor Law § 241 (6) claim in its entirety.

In dismissing the Labor Law § 241 (6) claim insofar as it is based on the alleged violations of part 12 of the Industrial Code, the court determined that a plaintiff is restricted to alleging the violation of regulations under only part 23 of the Industrial Code. That was error (*see e.g. Mazzocchi v International Bus. Machs.*, 294 AD2d 151, 152 [2002]; *Neumire v Kraft Foods,* 291 AD2d 784 [2002], *lv denied* 98 NY2d 613 [2002]; *Rzepka v 50 E. 78th Corp.,* 262 AD2d 298, 298-299 [1999]; *McCune v Black Riv. Constructors*, 225 AD2d 1078 [1996]; *but see Creamer v Amsterdam High School*, 241 AD2d 589, 591 [1997]). Indeed, we note that 12 NYCRR 23-1.7 (g) expressly provides that air contaminated work areas shall be tested, and such testing "shall be in accordance with the provisions of Industrial Code Part (rule) 12 relating to the 'Control of Air Contaminants' and such areas shall be subject to the other pertinent provisions of Industrial

Code Part (rule) 12 . . . ." Thus, contrary to the court's determination, plaintiffs may assert the violation of a regulation under part 12 of the Industrial Code to support their section 241 (6) claim, provided that such regulation is sufficiently specific and is applicable to the facts of this case.

Plaintiffs contend that 12 NYCRR 12-1.4 (a) and (b) are sufficiently specific and apply to the facts of this case and thus that the court erred in dismissing the section 241 (6) claim insofar as it is premised on the alleged violation of those subdivisions. Subdivisions (a) and (b) (1) and (2) of that section, however, set forth only general safety standards and thus plaintiffs may not rely upon them to support their section 241 (6) claim (*see generally Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505 [1993]; *Ozzimo v H.E.S., Inc.*, 249 AD2d 912, 914 [1998]). We conclude that paragraphs (3) and (4) of subdivision (b) are sufficiently specific to support the section 241 (6) claim and that there is a triable issue of fact whether those paragraphs are applicable to the facts of this case. We therefore modify the order by denying those parts of the motions of Menorah, Ciminelli and Ackerman seeking dismissal of the section 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 12-1.4 (b) (3) and (4) and reinstating that claim to that extent.

We reject plaintiffs' contention that the court erred in dismissing the section 241 (6) claim insofar as it is based on the alleged violations of paragraphs (1) and (2) of 12 NYCRR 12-1.5 (a). Those paragraphs set forth general safety standards and, in any event, are not applicable to the facts of this case. To the extent that plaintiffs also rely on 12 NYCRR 12-1.6 (a) and (b) and 12-1.9 (a) (1) and (b) (5) and (6), we conclude that subdivision (b) of section 12-1.6 sets forth a general safety standard but that the remaining provisions are sufficiently specific and there are triable issues of fact whether they are applicable to the facts of this case. We therefore further modify the order accordingly.

Contrary to plaintiffs' further contention, the court properly determined that 12 NYCRR 23-1.7 (e) (2) is not applicable to the facts of this case because that section concerns tripping hazards from debris on the ground, not inhalation hazards from air contaminants. We agree with plaintiffs, however, that the court erred in dismissing the section 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.25 (a) (2) (i). That regulation is sufficiently specific (*see generally Ross*, 81 NY2d at 503-505) and there is a triable issue of fact whether it is applicable to the facts of this case. Thus, the order must be further modified accordingly.

Contrary to the contentions of the respective parties on their

cross appeals, the court properly refused to dismiss the section 241 (6) claim insofar as it is based on the alleged violations of 12 NYCRR 23-1.7 (g) and 23-1.25 (b) (1) and (2). The moving parties failed to meet their initial burden by contending with respect to those regulations that plaintiffs failed to show that those regulations were violated. Rather, it was the burden of the moving parties to establish in the first instance that Menorah and Ciminelli did not violate the regulations, that the regulations are not applicable to the facts of this case, or that such violation was not a proximate cause of the accident (*see Bockmier v Niagara Recycling,* 265 AD2d 897 [1999]; *see also Winkelman v Alcan Aluminum Corp.,* 256 AD2d 1126 [1998]).

We further conclude that the court properly dismissed the Labor Law § 200 claim and common-law negligence cause of action against Menorah but erred in dismissing that claim and cause of action against Ciminelli. Where, as here, the theory of liability is based on a defective condition of the premises rather than the manner of the work, the moving party must show that it had no authority to control the allegedly defective condition of the work site (*see Farrell v Okeic,* 266 AD2d 892, 893 [1999]; *Miller v Wilmorite, Inc.,* 231 AD2d 843, 843-844 [1996]). Although Ciminelli established that it did not have control over the method of plaintiff's work, it failed to meet its burden "of establishing that [it] did not breach [its] duty 'to take reasonable care and prudence in securing the safety of the work area' " (*Farrell,* 266 AD2d at 893; *cf. Matthewson v County of Erie,* 274 AD2d 955, 956 [2000], *lv dismissed* 95 NY2d 931 [2000]). We therefore further modify the order accordingly. Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Hayes, JJ.