■ ANGEL OSORIO, Respondent, v KENART REALTY, INC., et al., Defendants, MADISON 45 COMPANY, Appellant, and PIZZA-DEL, INC., Doing Business as EUROSTAR CAFE, et al., Respondents. (And a Third-Party Action.) [826 NYS2d 645]—

In an action to recover damages for personal injuries, the defendant Madison 45 Company appeals, as limited by its brief, from (1) stated portions of an order of the Supreme Court, Kings County (Schneier, J.), dated April 8, 2005, and (2) so much of an amended order of the same court dated April 15, 2005, as denied that branch of its motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6), based on an alleged violations of 12 NYCRR 23-1.7 (g); 12-1.4,12-1.6, 12-1.7, 12-1.8, and 12-1.9 and all cross claims insofar as asserted against it.

Ordered that the appeal from the order dated April 8, 2005 is dismissed, without costs or disbursements, as that order was superseded by the amended order dated April 15, 2005; and it is further,

Ordered that the amended order dated April 15, 2005 is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing so much of the cause of action pursuant to Labor Law § 241 (6) as is based on an alleged violation of 12 NYCRR 23-1.7 (g) insofar as asserted against the appellant and substituting therefor a provision granting that branch of the motion; as so modified, the amended order is affirmed insofar as appealed from, and the order dated April 8, 2005 is modified accordingly, without costs or disbursements.

The plaintiff Angel Osorio allegedly was injured when glue vapors ignited and caused a flash fire while he worked in the unventilated basement of premises owned by the defendant Madison 45 Company (hereinafter Madison). The plaintiff commenced an action against, among others, Madison, asserting causes of action alleging negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). In support of his Labor Law § 241 (6) claim, Osorio alleged violations of, inter alia, Industrial Code regulations 12 NYCRR 23-1.7 (g) and 12 NYCRR 12-1.4, and 12-1.6 through 12-1.9, all of which are pertinent to the control of air contaminants.

At the close of discovery, Madison moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied that branch of the motion which was for summary judgment dismissing the plaintiff's Labor Law § 241 (6) claim, finding triable issues of fact regarding violations of Industrial Code regulations 12 NYCRR 23-1.7 (g) as well as 12 NYCRR 12-1.4, 12-1.6, 12-1.7, 12-1.8, and 12-1.9. Madison appeals.

Initially, we disagree with the Supreme Court that a triable issue of fact exists with regard to a violation of Industrial Code regulation 12 NYCRR 23-1.7 (g). Industrial Code regulation 12 NYCRR 23-1.7 (g) provides, in relevant part, "[T]he atmosphere of any unventilated confined area . . . where dangerous air contaminants may be present or where there may not be sufficient oxygen to support life shall be tested by the employer, his authorized agent or by a designated person before any person is suffered or permitted to work in such area" (emphasis added). Here, however, the plaintiff's testimony indicated that the alleged air contaminants were not present prior to commencement of the work. Thus, Madison demonstrated its entitlement to judgment as a matter of law with regard to the plaintiff's Labor Law § 241 (6) claim insofar as it is based on an alleged violation of Industrial Code regulation 12 NYCRR 23-1.7 (g) by submitting evidence that the provision is not applicable under the circumstances (*see Mazzocchi v International Bus. Machs.*, 294 AD2d 151 [2002]; *cf. Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact.

However, the motion was properly denied with respect to the plaintiff's Labor Law § 241 (6) claim insofar as it was based on a violation of Industrial Code regulations set forth in 12 NYCRR 12-1.4, and 12-1.6 through 12-1.9, since Madison failed to meet its burden as movant to demonstrate that the cited Industrial Code regulations were inapplicable under the circumstances,

that the regulations were applicable but not violated, or that a violation of the Code was not a proximate cause of the plaintiff's injuries (*see Piazza v Frank L. Ciminelli Constr. Co., supra* at 1349). Accordingly, those branches of the motion were properly denied regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Miller, J.P., Ritter, Santucci and Lunn, JJ., concur.