■ ALBERTO RICUARTE, Respondent, v 45TH ST. BAKE CORP. et al., Defendants, and MADISON 45 COMPANY, Appellant. (And a Third-Party Action.) [828 NYS2d 415]—In an action to recover damages for personal injuries, the defendant Madison 45 Company appeals, as limited by its brief, from (1) stated portions of an order of the Supreme Court, Kings County (Schneier, J.), dated April 11, 2005, and (2) so much of an amended order of the same court dated April 15, 2005, as denied that branch of its motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-1.7 (g) insofar as asserted against it.

Ordered that the appeal from the order dated April 11, 2005 is dismissed, as that order was superseded by the amended order dated April 15, 2005; and it is further,

Ordered that the amended order dated April 15, 2005 is reversed insofar as appealed from, on the law, and the branch of the motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-1.7 (g) insofar as asserted against the appellant is granted; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The plaintiff Alberto Ricuarte was allegedly injured when glue vapors ignited and caused a flash fire while he worked in the unventilated basement of premises owned by the defendant Madison 45 Company (hereinafter Madison). The plaintiff commenced an action against, inter alia, Madison, alleging common-law negligence as well as violations of Labor Law §§ 200 and 241 (6).

At the close of discovery, Madison moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied that branch of the motion which was for summary judgment dismissing the plaintiff's Labor Law § 241 (6) claim insofar as asserted against Madison, finding a triable issue of fact as to a violation of Industrial Code regulation 12 NYCRR 23-1.7 (g), the only violation alleged by the plaintiff. We reverse the order dated April 15, 2005 insofar as appealed from.

Madison established its prima facie entitlement to summary judgment with respect to the plaintiff's Labor Law § 241 (6) claim by submitting evidence that the cited Industrial Code regulation was inapplicable. In opposition, the plaintiff failed to raise a triable issue of fact (see Osorio v Kenart Realty, Inc., 35 AD3d 561 [2006] [decided herewith]). Consequently, the court should have granted that branch of Madison's motion. Miller, J.P., Ritter, Santucci and Lunn, JJ., concur.