■ MICHAEL P. BRADY et al., Appellants, v CITY OF NEW YORK et al., Respondents. [859 NYS2d 193]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered March 22, 2007, which, insofar as appealed from, granted defendants' motion for summary judgment dismissing the causes of action under Labor Law §§ 200 and 241 (6), unanimously reversed, on the law, without costs, the motion denied and those two causes of action reinstated.

Plaintiff relies on 12 NYCRR 23-1.25 (d) as the predicate for liability under Labor Law § 241 (6). That section requires that all persons engaged in welding and flame cutting operations "be provided with approved eye protection suitable for the work involved and appropriate protective apparel." (§ 23-1.25 [d].) We find that it is sufficiently concrete to support a section 241 (6) claim and is applicable to plaintiff's claim. Plaintiff contends that he should have been given a face shield in addition to the burning goggles he was provided. Had a face shield been provided, the injury to his ear would have been avoided. Virtually all the testimony and affidavits show that a face shield does protect a worker's ears and is sometimes provided to workers engaged in welding and burning steel; in addition, on this record, it certainly cannot be said as a matter of law that a face shield is not a form of approved eye protection considered suitable for the type of work plaintiff was performing (*cf. McByrne v Ambassador Constr. Co.*, 290 AD2d 243, 243-244 [2002] [sustaining a section 241 (6) claim predicated on similar language requiring "Approved eye protection equipment suitable for the hazard involved" contained in 12 NYCRR 23-1.8 (a)]). With respect to "appropriate protective apparel," the context of the regulation makes it clear that what is appropriate necessarily depends on the task involved. We hold that the requirement is concrete even though it does not set forth any particular items of apparel that are appropriate. To the extent that *Winkelman v Alcan Aluminum Corp.* (256 AD2d 1126 [4th Dept 1998]) holds to the contrary, we decline to follow it.

Similarly, plaintiff's Labor Law § 200 claim should not have been dismissed as against the site owner given the testimony of the latter's resident engineer that he not only inspected the site several times a day but also had authority to stop the work if he observed an unsafe condition such as burning steel without protection. Concur—Mazzarelli, J.P., Catterson, Moskowitz and Acosta, JJ.