■ THOMAS COOPER, Appellant, v STATE OF NEW YORK, Respondent. [899 NYS2d 275]—

In a claim to recover damages for personal injuries, the claimant appeals, as limited by his brief, from so much of an order of the Court of Claims (Soto, J.), entered March 19, 2009, as

granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law § 200 and so much of the cause of action alleging violations of Labor Law § 241 (6) as were based on alleged violations of 12 NYCRR 23-1.7 (d) and (e).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was based on alleged violations of 12 NYCRR 23-1.7 (d), and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In September 2006 the claimant, an ironworker, allegedly slipped while standing on the platform of an elevated "scissor lift," thereby falling and sustaining personal injuries. At the time of the alleged incident, the claimant purportedly was "drilling holes" into an "I-beam" in connection with a reconstruction project on the Brooklyn Queens Expressway. At his deposition, the claimant testified that the "substances" that "caused his right foot to slip" consisted of "[o]il, shavings, slugs, [and] cores" already present on the platform when he began his work, as well as "substances" that were "generated" as part of his own drilling operation.

In 2007 the claimant filed the instant claim, alleging, inter alia, a cause of action alleging violations of Labor Law § 241 (6), based on alleged violations of, among other things, 12 NYCRR 23-1.7 (d) and (e), as well as causes of action alleging violations of Labor Law § 200 and common-law negligence. As relevant here, the Court of Claims granted those branches of defendant's motion which were for summary judgment dismissing these causes of action. We modify.

The defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was based on an alleged violation of 12 NYCRR 23-1.7 (d). 12 NYCRR 23-1.7 (d) prohibits owners and contractors from permitting a worker to use an elevated working surface which is "in a slippery condition." This rule further provides that "any . . . foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing." Here, a triable issue of fact exists as to whether the defendant violated this provision of the Industrial Code by failing to remove the alleged substances which purportedly caused the claimant to slip

(see *Ventura v Lancet Arch*, 5 AD3d 1053, 1054 [2004]; *see also Hageman v Home Depot U.S.A., Inc.*, 45 AD3d 730, 732 [2007]; *Hammond v International Paper Co.*, 161 AD2d 914, 915 [1990]).

However, the Court of Claims properly granted that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action pursuant to Labor Law § 241 (6) as was based on alleged violations of 12 NYCRR 23-1.7 (e) (2). 12 NYCRR 23.1-7 (e) (2) requires owners and contractors to maintain working areas free from tripping hazards such as, inter alia, debris "insofar as may be consistent with the work being performed." This regulation "is designed to protect against tripping hazards and sharp projections on floors and platforms" (*Fura v Adam's Rib Ranch Corp.*, 15 AD3d 948, 949 [2005]). In support of this branch of its motion, the defendant established that this regulation was inapplicable to the claimant's accident, as the claimant did not allege that he tripped on any tripping hazard. Instead, at his deposition, the claimant repeatedly stated that he "slipped." Consequently, in opposition to the defendant's showing in this regard, the claimant failed to raise a triable issue of fact.

Moreover, the Court of Claims properly awarded summary judgment to the defendant dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence. "Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work" (*Lane v Fratello Constr. Co.*, 52 AD3d 575, 576 [2008]). To be held liable under Labor Law § 200, "when a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had . . . unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Here, the defendant met its prima facie burden of establishing that the accident, as described by the claimant, was attributable to a defect in equipment, i.e., the scissor lift, supplied by the claimant's employer, and thus arose from the methods and materials of the work (*see Ortega v Puccia*, 57 AD3d at 61-63; *cf. Chowdhury v Rodriguez*, 57 AD3d 121, 129-132 [2008]). The defendant further demonstrated that it did not have authority to supervise or control the work (*see Capolino v Judlau Contr., Inc.*, 46 AD3d 733, 735 [2007]; *McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796, 798 [2007]). In opposition, the claimant failed to raise a triable issue of fact. Rivera, J.P., Florio, Miller and Eng, JJ., concur.