Simmons v City of New York (2018 NY Slip Op 06585)





Simmons v City of New York


2018 NY Slip Op 06585


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-00620
2016-00879
 (Index No. 700982/13)

[*1]Glenn Simmons, appellant, 
v
City of New York, et al., respondents (and a third-party action).


Hill & Moin LLP, New York, NY (Melisande Hill and Cheryl Eisberg Moin of counsel), for appellant.
Gallo Vitucci Klar LLP, New York, NY (Kimberly A. Ricciardi of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from two orders of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated December 23, 2015, and January 11, 2016, respectively. The order dated December 23, 2015, denied the plaintiff's motion for summary judgment on the issue of liability. The order dated January 11, 2016, insofar as appealed from, in effect, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order dated December 23, 2015, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated January 11, 2016, is modified, on the law, (1) by deleting the provision thereof, in effect, granting that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendant Prismatic Development Corp., and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof, in effect, granting that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-2.2(d), and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff was a plumber employed by the third-party defendant A & A Industrial Piping, Inc. (hereinafter A & A), which had been hired by the defendant Prismatic Development Corp. (hereinafter Prismatic) on a construction project at the North Shore Marine Transfer Station in Queens. The defendants City of New York and the Department of Sanitation of the City of New York (hereinafter together the City defendants) were the owners of the work site.
The plaintiff allegedly was injured while moving an air compressor, weighing in excess of 600 pounds, within the North Shore Marine Transfer Station. After the plaintiff and two coworkers had removed the compressor from its shipping crate, they placed the compressor on top of a pallet jack. In order to secure the compressor, the plaintiff and his coworkers wedged two pieces of scrap wood around the sides of the compressor. Nothing was placed between the bottom of the [*2]cylindrical tank of the compressor and the flat blades of the pallet jack. The blades of the pallet jack were then raised approximately three to six inches from the floor. The plaintiff pushed the compressor from behind while one coworker pulled the pallet jack by the handle, and the other coworker pushed the compressor from the side. As they moved the pallet jack and the compressor horizontally across the floor, the wheel of the pallet jack allegedly struck a small piece of concrete debris. This, in turn, caused the pallet jack to stop short and the compressor to roll off the pallet jack and onto the plaintiff's ankle.
Thereafter, the plaintiff commenced this action against the defendants asserting causes of actions under Labor Law §§ 200, 240(1), and 241(6), as well as common-law negligence. The defendants then commenced a third-party action against A & A. Following discovery, the plaintiff moved for summary judgment on the complaint. The defendants moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court, in effect, granted the defendants' motion and denied the plaintiff's motion. The plaintiff appeals.
"The extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [emphasis in original]). In determining whether a plaintiff is entitled to the extraordinary protections of Labor Law § 240(1), the "single decisive question [is] whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603). "Without a significant elevation differential, Labor Law § 240(1) does not apply, even if the injury is caused by the application of gravity on an object" (Christiansen v Bonacio Constr., Inc., 129 AD3d 1156, 1158).
"With respect to falling objects, Labor Law § 240(1) applies where the falling of an object is related to a significant risk inherent in . . . the relative elevation . . . at which materials or loads must be positioned or secured'" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268, quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 514). Therefore, "a plaintiff must show more than simply that an object fell, thereby causing injury to a worker" (Turczynski v City of New York, 17 AD3d 450, 451). "[A] plaintiff must show that, at the time the object fell, it was being hoisted or secured, or that the falling object required securing for the purposes of the undertaking" (Banscher v Actus Lend Lease, LLC, 103 AD3d 823, 824). A plaintiff must also show that "the object fell . . . because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (Narducci v Manhasset Bay Assoc., 96 NY2d at 268 [emphasis in original]; see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 663).
We agree with the Supreme Court's granting of that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's injuries were not caused by the elevation or gravity-related risks encompassed by Labor Law § 240(1) (see Gasques v State of New York, 15 NY3d 869; Oakes v Wal-Mart Real Estate Bus. Trust, 99 AD3d 31; Davis v Wyeth Pharms., Inc., 86 AD3d 907). In opposition, the plaintiff failed to raise a triable issue of fact. For the same reasons, we agree with the Supreme Court's denial of that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
Labor Law § 200 is a codification of the common-law duty of an owner or employer to provide employees with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Cooper v State, 72 AD3d 633, 635). "This provision applies to owners, contractors, or their agents, who have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition'" (Paladino v Society of N.Y. Hosp., 307 AD2d 343, 344-345, quoting Russin v Louis N. Picciano & Son, 54 NY2d 311, 317).
"Claims for personal injury under the statute and the common law fall into two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144). Here, the plaintiff contends that an allegedly dangerous premises condition consisting of concrete debris lying on the maintenance bay floor caused the accident. In [*3]cases involving a dangerous condition on the premises, "property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (Ortega v Puccia, 57 AD3d 54, 61; see Ramirez v Metropolitan Transp. Auth., 106 AD3d 799, 801; Sanders v St. Vincent Hosp., 95 AD3d 1195). A contractor may be held liable in common-law negligence and under Labor Law § 200 for a dangerous condition on the premises if it had control over the work site and actual or constructive notice of the dangerous condition (see Doxey v Freeport Union Free Sch. Dist., 115 AD3d 907, 908; Bridges v Wyandanch Community Dev. Corp., 66 AD3d 938, 940).
We agree with the Supreme Court's granting of that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the City defendants. The City defendants, as the owners of the work site, established, prima facie, that they did not create or have actual or constructive notice of the alleged dangerous condition. In opposition, the plaintiff failed to raise a triable issue of fact.
However, the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against Prismatic. The parties' respective submissions failed to eliminate triable issues of fact as to whether Prismatic created a dangerous condition on the floor which caused the pallet jack to stop short (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Therefore, neither the plaintiff nor the defendants were entitled to summary judgment on these causes of action insofar as asserted against Prismatic.
"Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983). As a predicate to a section 241(6) cause of action, a plaintiff must allege a violation of a concrete specification promulgated by the Commissioner of the Department of Labor in the Industrial Code (see Misicki v Caradonna, 12 NY3d 511, 515; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505; Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086).
We agree with the Supreme Court's granting of that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was premised upon violations of 12 NYCRR 23-1.7(e), 23-1.27(a), 23-1.28(a), and 23-2.1(a). The defendants established, prima facie, that these cited regulations alleged to have been violated were either inapplicable under the circumstances or lack the specificity required to qualify for predicate liability under Labor Law § 241(6) (see Spence v Island Estates at Mt. Sinai II, LLC, 79 AD3d 936, 937-938; cf. Perez v 286 Scholes St. Corp., 134 AD3d 1085). In opposition, the plaintiff failed to raise a triable issue of fact.
Finally, although the plaintiff alleged a violation of 12 NYCRR 23-2.2(d) for the first time in opposition to the defendants' motion, this was not fatal to his claim, since no new factual allegations were involved, no new theories of liability were set forth, and no prejudice was caused to the defendants (see Klimowicz v Powell Cove Assoc., LLC, 111 AD3d 605, 606-607; Ross v DD 11th Ave., LLC, 109 AD3d 604, 605-606; Kowalik v Lipschutz, 81 AD3d 782, 783; Kelleir v Supreme Indus. Park, 293 AD2d 513, 513-514). As to that claim, the defendants failed to demonstrate that 12 NYCRR 2.3-2.2(d) was inapplicable under the circumstances, that the regulation was applicable but not violated, or that a violation of the regulation was not a proximate cause of the plaintiff's injuries (see Osorio v Kenart Realty, Inc., 35 AD3d 561, 562-563; Piazza v Frank L. Ciminelli Constr. Co., Inc., 2 AD3d 1345, 1349).
Therefore, the Supreme Court should not have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 246(1) cause of action as was premised on a violation of 12 NYCRR 23-2.2(d).
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court