■ 6 HUNTER DRIVE, INC., Doing Business as REMAX PRIME PROPERTIES, Respondent, v RONALD STECHLER et al., Appellants. [702 NYS2d 390] —In an action to recover a real estate brokerage commission, the defendants appeal from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered September 23, 1998, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that upon searching the record, the order is modi-

fied by deleting the provision thereof denying the plaintiff's motion for summary judgment and substituting therefor a provision granting the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The defendant sellers and the plaintiff broker entered into an exclusive right-to-sell agreement concerning the defendants' house. The agreement provided, among other things, that the broker would be entitled to a commission if it showed the house to prospective buyers who signed a contract of sale within two months of June 1, 1996, which was the end of the period set forth in the agreement, as extended.

It is undisputed that the defendants entered into a contract to sell their house to a certain couple within two months of June 1, 1996. However, the Supreme Court erred in finding that a triable issue of fact existed as to whether the plaintiff had shown the house to that couple within the applicable time period. Affidavits from two of the plaintiff's agents established that they had shown the house to that couple on January 2, 1996, and again on January 6, 1996. These affidavits are confirmed by records maintained by the lead broker, showing that those two agents had signed out the key to the house on the dates in question. As the contract of sale was signed on June 21, 1996, less than two months after the end of the agreement as extended, the plaintiff established its right to a commission. As the plaintiff established its entitlement to a commission and no valid defense was interposed, the plaintiff's motion for summary judgment should have been granted (*see generally, Hess v Kruse,* 131 AD2d 545, 546). In this regard we note that " 'on a motion for summary judgment, this court has the power to search the record and grant relief to a * * * nonappealing party' " (*Tannenbaum v Republic Ins. Co.,* 249 AD2d 460, 461-462; *see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111). Ritter, J. P., S. Miller, Florio and H. Miller, JJ., concur.