■ Exit Empire Realty, Also Known as CS Empire Realty, LLC, Appellant, v Madeline Zilelian, Defendant. [26 NYS3d 343]—

In an action to recover a real estate brokerage commission, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Strauss, J.), dated December 1, 2014, which denied its unopposed motion for summary judgment on the complaint and, in effect, searched the record and awarded summary judgment to the defendant dismissing the complaint, and (2) an order of the same court (Raffaele, J.), dated April 10,

2015, which denied its unopposed motion for leave to reargue its prior motion for summary judgment on the complaint.

Ordered that the appeal from the order dated April 10, 2015, is dismissed, without costs or disbursements, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated December 1, 2014, is modified, on the law, by deleting the provision thereof which, in effect, searched the record and awarded summary judgment to the defendant dismissing the complaint; as so modified, the order dated December 1, 2014, is affirmed, without costs or disbursements.

The plaintiff commenced this action to recover a real estate brokerage commission. The plaintiff subsequently moved for summary judgment on the complaint. No opposition to the motion was filed. The Supreme Court denied the motion and, in effect, searched the record and awarded summary judgment to the defendant dismissing the complaint. The plaintiff appeals.

The plaintiff failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law. The exclusive listing agreement between the plaintiff and the defendant was in effect for a six-month period, from July 28, 2012 through midnight on January 28, 2013, and the plaintiff failed to present any competent evidence to establish that the subject property was sold during that six-month period (*cf. 6 Hunter Dr. v Stechler*, 269 AD2d 382 [2000]). The Supreme Court therefore properly denied the plaintiff's unopposed motion for summary judgment on the complaint (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, since there are triable issues of fact on this record, including whether the subject property was sold during the six-month period that the exclusive listing agreement was in effect, the Supreme Court improperly, in effect, searched the record and awarded summary judgment to the defendant dismissing the complaint (*see* CPLR 3212 [b]). Dickerson, J.P., Hall, Roman and Duffy, JJ., concur.