Golec v Dock St. Constr., LLC (2020 NY Slip Op 04384)





Golec v Dock St. Constr., LLC


2020 NY Slip Op 04384


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-12508
 (Index No. 503197/14)

[*1]Krzysztof Golec, et al., plaintiffs-respondents,
v
Dock Street Construction, LLC, defendants third-party plaintiffs-appellants-respondents; Loreconcrete, LLC, third-party defendant-respondent-appellant.


Lester Schwab Katz & Dwyer, LLP (Gannon, Rosenfarb & Drossman, New York, NY [Lisa L. Gokhulsingh], of counsel), for defendants third-party plaintiffs-appellants-respondents.
Russo & Toner, New York, NY (John J. Komar and Margaret Mazlin of counsel), for third-party defendant-respondent-appellant.
Lurie, Ilchert, MacDonnell & Ryan, LLP (Profeta & Eisenstein, New York, NY [Fred R. Profeta, Jr.], of counsel), for plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., and a third-party action, inter alia, for contractual and common-law indemnification, the defendants third-party plaintiffs appeal, and the third-party defendant cross-appeals, from an order of the Supreme Court, Kings County (Loren Bailey-Schiffman, J.), dated October 19, 2017. The order, insofar as appealed from, denied those branches of the motion of the defendants third-party plaintiffs which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) and on the third-party causes of action for contractual and common-law indemnification against the third-party defendant. The order, insofar as cross-appealed from, denied that branch of the motion of the third-party defendant which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6).
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants third-party plaintiffs which was for summary judgment on the third-party causes of action for contractual and common-law indemnification against the third-party defendant, and substituting therefor a provision granting conditional summary judgment to the defendants third-party plaintiffs on those causes of action; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiffs payable by the defendants third-party plaintiffs and the third-party defendant appearing separately and filing separate briefs, and one bill of costs payable to the defendants third-party plaintiffs by the third-party defendant.
The defendants third-party plaintiffs, Dock Street Associates, Dock Street Construction, LLC, and Dock Street Rental, LLC (hereinafter collectively the Dock Street [*2]defendants), contracted with the third-party defendant, Loreconcrete, LLC (hereinafter Loreconcrete), to perform construction work on a project located in Brooklyn. The plaintiff Krzysztof Golec (hereinafter the injured plaintiff) was employed by Loreconcrete. On March 8, 2014, while working at the subject premises, the injured plaintiff sustained injuries while removing concrete from the interior of a concrete pumper truck owned by Loreconcrete. The injured plaintiff entered the hopper of the truck in order to chip off residual concrete. Although the pump motor was turned off, the engine of the truck, which supplies power to the pump motor, was running. While the injured plaintiff was standing on an s-tube, the s-tube moved, he lost his balance, and his left foot slipped and was crushed by the pump.
In April 2014, the injured plaintiff, and his wife suing derivatively, commenced this action against the Dock Street defendants to recover damages, alleging, inter alia, a violation of Labor Law § 241(6) premised on 12 NYCRR 23-9.2(a). In February 2016, the Dock Street defendants commenced a third-party action against Loreconcrete, inter alia, for contractual and common-law indemnification.
After discovery, the Dock Street defendants and Loreconcrete separately moved for summary judgment dismissing the complaint. The Dock Street defendants also moved for summary judgment on their third-party causes of action for contractual and common-law indemnification. In the order appealed from, the Supreme Court, inter alia, denied those branches of the motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), and denied that branch of the Dock Street defendants' motion which was for summary judgment on the third-party causes of action for contractual and common-law indemnification. The Dock Street defendants appeal, and Loreconcrete cross-appeals.
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]). "To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (id. at 809). The predicate Industrial Code section must "set[ ] forth a specific standard of conduct and not simply a recitation of common-law safety principles" (St. Louis v Town of N. Elba, 16 NY3d 411, 414). 12 NYCRR 23-9.2(a) provides, in pertinent part, that "[a]ll power-operated equipment shall be maintained in good repair and in proper operating condition . . . Any servicing or repairing of such equipment shall be performed only while such equipment is at rest."
This requirement is applicable to the present case and "is sufficiently specific to form a predicate basis for Labor Law § 241(6) liability" (Shields v First Ave. Bldrs. LLC, 118 AD3d 588, 589). Moreover, the deposition testimony of the injured plaintiff indicated that the engine of the concrete pumper truck supplies power to the pump, and that at the time of the accident, the engine of the concrete pumper truck was running. Therefore, the machine was not at rest (see id. at 589). Accordingly, we agree with the Supreme Court's determination to deny those branches of the Dock Street defendants' and Loreconcrete's separate motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6).
However, the injured plaintiff, who was the only witness to the accident, testified that he was the one who turned off the concrete pump prior to entering the tub, that in his experience he had never seen an s-tube move while the concrete pump was turned off, and that he did not know what caused the s-tube to move. Since we do not know the cause of this accident, we decline the plaintiffs' request to exercise our discretion and search the record to award them summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) (see JFK Family L.P. v Millbrae Natural Gas Dev. Fund 2005, L.P.,132 AD3d 729).
We disagree, however, with the Supreme Court's denial of that branch of the Dock Street defendants' motion which was for summary judgment on the third-party causes of action for contractual and common-law indemnification. "A court may render a conditional judgment on the [*3]issue of indemnity pending determination of the primary action in order that the indemnitee may obtain the earliest possible determination as to the extent to which he or she may expect to be reimbursed" (Sobel v City of New York, 120 AD3d 485, 486 [internal quotation marks omitted]). Here, the Dock Street defendants established their prima facie entitlement to judgment as a matter of law by showing that they were not actively negligent, that Loreconcrete directed, supervised, and controlled the injured plaintiff's work, and that as a result of the accident the injured plaintiff suffered a grave injury as defined by Workers' Compensation Law § 11, i.e., the loss of multiple toes. In opposition, Loreconcrete failed to raise a triable issue of fact.
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court