Caliber Home Loans, Inc. v Squaw (2021 NY Slip Op 00410)





Caliber Home Loans, Inc. v Squaw


2021 NY Slip Op 00410


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-09684
 (Index No. 704563/16)

[*1]Caliber Home Loans, Inc., etc., appellant,
v
John A. Squaw, et al., defendants.


Day Pitney LLP, New York, NY (Michelle L. Moshe and Alfred W.J. Marks of counsel), for appellant.
David J. Broderick, P.C. Forest Hills, NY for defendant John A. Squaw.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered July 12, 2018. The order denied the plaintiff's unopposed renewed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant John A. Squaw.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendant John A. Squaw (hereinafter the defendant), among others, to foreclose a mortgage. The defendant interposed an answer. In an order entered July 12, 2018, the Supreme Court denied the plaintiff's unopposed renewed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, determining that the plaintiff failed to prove its compliance with the requirements of RPAPL 1304 and the condition precedent of the mortgage. The plaintiff appeals.
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute sets forth the requirements for the content of such notice, and provides that such notice must be sent by registered or certified
mail and by first-class mail to the last known address of the borrower and to the subject residence" (KeyBank N.A. v Barrett, 178 AD3d 800, 801; see RPAPL § 1304[2]). "'Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action'" (Deutsche Bank National Trust Co. v Dennis, 181 AD3d 864, 866, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20), and the plaintiff has the burden of establishing satisfaction of this condition (see Everbank v Greisman, 180 AD3d 758, 760). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailing[ ], such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21 [internal quotation marks omitted]).
Here, the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304. In support of its motion, the plaintiff submitted the affidavit of Josh Cantu, a default service officer of the plaintiff, along with copies of the 90-day pre-foreclosure notices, certified mail receipts, and a screen shot alleging that the 90-day pre-foreclosure notices had been sent by both certified and first-class mail on May 5, 2015. However, Cantu did not claim in his affidavit that he had personally mailed the notices and the affidavit did not establish proof of a standard office practice and procedure designed to ensure that the items were properly addressed and mailed (see Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848, 851; Everbank v Greisman, 180 AD3d at 760; KeyBank N.A. v Barrett, 178 AD3d at 802; HSBC Bank USA, N.A. v Sawh, 177 AD3d 959, 961; US Bank N.A. v Sims, 162 AD3d 825, 827; J.P. Morgan Mtge. Acquisition Corp v Kagan, 157 AD3d 875, 876). Moreover, although the plaintiff provided the alleged certified mail receipts for the 90-day pre-foreclosure notices, it provided no proof that the 90-day pre-foreclosure notices were sent by first class mail (see M & T Bank v Biordi, 176 AD3d 1194, 1196; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1518). Accordingly, the Supreme Court properly denied the plaintiff's unopposed renewed motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against the defendant.
Despite the aforementioned deficiencies in the plaintiff's prima facie showing, we agree with the plaintiff that the Supreme Court erred in determining that the plaintiff failed to prove its compliance with the condition precedent set forth in the mortgage requiring a notice of default. As the defendant did not plead this defense with the particularity required pursuant to CPLR 3015(a), he waived this defense (see JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 720-721; Wells Fargo Bank, N.A. v Zucker, 169 AD3d 856, 858; Nationstar Mtge., LLC v Vordermeier, 165 AD3d 822, 822-823). Accordingly, the court should not have, sua sponte, considered this defense while deciding the instant motion (see Wells Fargo Bank, NA v Cajas, 159 AD3d 977, 978).
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court