Ellis v Sirico's Catering, Inc. (2021 NY Slip Op 02785)





Ellis v Sirico's Catering, Inc.


2021 NY Slip Op 02785


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-07501
 (Index No. 503248/16)

[*1]Michael Ellis, appellant, 
v
Sirico's Catering, Inc., et al., respondents.


Jonathan Rosenberg, PLLC, Brooklyn, NY, for appellant.
Kevin J. Philbin, New York, NY (Jennifer L. Coviello of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated May 30, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he slipped on liquid on the dance floor of the defendants' catering hall while attending a party. The defendants moved, inter alia, for summary judgment dismissing the complaint, contending that there was no evidence that they caused or created the alleged condition or had notice of it and that the plaintiff could not identify what caused him to fall. By order dated May 30, 2019, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. The plaintiff appeals.
"A defendant moving for summary judgment in a slip-and-fall case has the burden
of demonstrating, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Jeremias v Lake Forest Estates, 147 AD3d 742, 742). Constructive notice of a hazardous condition exists when the condition is visible and apparent and has existed for a sufficient length to time to allow the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837). "To meet its initial burden on lack of constructive notice, the defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall" (Jeremias v Lake Forest Estates, 147 AD3d at 742). Further, "a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 863-864).
Here, the defendants failed to demonstrate, prima facie, that they lacked constructive notice of the alleged dangerous condition on the dance floor so as to establish their entitlement to judgment as a matter of law (see Lauzon v Stop & Shop Supermarket, 188 AD3d 856; Lebron v 142 S 9, LLC, 151 AD3d 835, 836). The defendants did not submit any evidence regarding specific cleaning or inspection of the area in question, or any other affirmative proof to demonstrate how long the condition had existed. In support of their motion, they submitted the transcript of the deposition testimony of Hercules Sirico, the catering hall owner, who testified that the wood dance floor would be cleaned on an as-needed basis by one of the porters, of whom he was in charge. Sirico also testified that, on the night of the subject party, he entered the ballroom where the party was being held multiple times to make sure that members of his staff were doing things properly, but did not stay in the ballroom during the entire party. Although Sirico testified that, while he was in the ballroom, he always took a look at the dance floor and did not notice any wetness or liquids on it, he also testified that every time he was in the ballroom, the dance floor was always packed, with more than 100 people dancing, that guests would get drinks at the "constantly busy" mobile bar situated just "shy" of the dance floor, and bring the drinks onto the dance floor, and that no one stopped or warned the guests from doing so. Further, the defendants submitted the transcript of the plaintiff's deposition testimony, during which the plaintiff testified that when he went to dance, he was slipping and sliding on the dance floor because it was wet, that there were a lot of people on the dance floor with drinks, and that it was "very dark" in the ballroom.
In addition, the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law on the ground that the plaintiff was unable to identify what caused him to slip (see Elentuck v New York City Tr. Auth., 188 AD3d 825; Kozik v Sherland & Farrington, Inc., 173 AD3d 994, 995). The evidence submitted by the defendants, which included the transcript of the plaintiff's deposition testimony, failed to eliminate all triable issues of facts as to whether the plaintiff was caused to slip due to the presence of liquid on the dance floor.
Accordingly, since the defendants failed to meet their initial burden, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not consider the parties' remaining contentions.
AUSTIN, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court