Lisker v Vue Catering, Inc. (2025 NY Slip Op 02196)

Lisker v Vue Catering, Inc.

2025 NY Slip Op 02196

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-11378
 (Index No. 505915/20)

[*1]Batya Chaya Lisker, appellant, 
v
Vue Catering, Inc., respondent, et al., defendant (and a third-party action).

Bernstone & Grieco, LLP, New York, NY (James M. McGowan of counsel), for appellant.
James F. Butler, Jericho, NY (Nancy S. Goodman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated September 13, 2023. The order granted the motion of the defendant Vue Catering, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Vue Catering, Inc., for summary judgment dismissing the complaint insofar as asserted against it is denied.
In March 2020, the plaintiff commenced this action against, among others, the defendant Vue Catering, Inc. (hereinafter the defendant), to recover damages for personal injuries she alleged she sustained in February 2020, after she slipped and fell on flower petals on the floor while attending a wedding at a catering facility owned by the defendant. In March 2023, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it neither created nor had notice of the condition. The plaintiff opposed. In an order dated September 13, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
A defendant moving for summary judgment in a slip-and-fall case must establish, prima facie, that it did not create the condition that allegedly caused the fall or have actual or constructive notice of that condition for a sufficient length of time to remedy it (see Carmenati v Sea Park E., L.P., 229 AD3d 757, 758; Huang v Fort Greene Partnership Homes Condominium, 228 AD3d 912, 914). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it" (Arbit v Costco Wholesale Corp., 230 AD3d 1089, 1090 [internal quotation marks omitted]). In order to meet its prima facie burden "on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (id. [internal quotation marks omitted]). "Reference to general cleaning practices is insufficient to establish a lack of constructive notice in the absence of evidence regarding specific cleaning or inspection of the area in question" (Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948 [internal quotation marks omitted]).
Here, the defendant failed to demonstrate, prima facie, that it lacked constructive notice of the alleged condition (see Breland-Marrow v RXR Realty, LLC, 208 AD3d 627, 628-629; Ellis v Sirico's Catering, Inc., 194 AD3d 692, 693). The defendant did not submit any evidence with respect to specific cleaning or inspection of the area in question "or any other affirmative proof to demonstrate how long the condition had existed" (Ellis v Sirico's Catering, Inc., 194 AD3d at 693). The deposition testimony and affidavit submitted by the defendant as to general cleaning procedures were insufficient to establish lack of constructive notice (see Ortiz v New York City Hous. Auth., 227 AD3d 732, 733; Rodriguez v New York City Hous. Auth., 169 AD3d at 948).
Accordingly, as the defendant failed to meet its initial burden, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court