Villa-Farez v 840 Fulton, LLC (2025 NY Slip Op 51422(U))

[*1]

Villa-Farez v 840 Fulton, LLC

2025 NY Slip Op 51422(U)

Decided on September 9, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 9, 2025
Supreme Court, Kings County

Alex Leandro Villa-Farez, Plaintiff,

against
840 Fulton, LLC, SP Corinth, LLC, Drum Hill LLC, 840 Fulton CAD, LLC, 
 The Daten Group LLC and Titan Realty & Construction LLC, Defendants.
840 Fulton, LLC, SP Corinth, LLC, Drum Hill LLC, 840 Fulton CAD, LLC, The Daten Group LLC and Titan Realty & Construction LLC, Third-Party Plaintiffs,
against
Imperiex Construction, Inc., Third-Party Defendant. 
840 Fulton, LLC, SP Corinth, LLC, Drum Hill LLC, 840 Fulton CAD, LLC, 
 The Daten Group LLC and Titan Realty & Construction LLC, Second Third-Party Plaintiffs,
against
Eddie's VIP Construction NY Corp., Second Third-Party Defendant.

Index No. 503746/19

Aaron D. Maslow, J.

The following e-filed papers read herein: NYSCEF Doc Nos.:
Notice of Motion/Order to Show Cause/Petition/Cross Motion and Affidavits (Affirmations) Annexed 465-466, 468, 497-499, 525, 527, 529-530, 540-541
Opposing Affidavits/Answer (Affirmations) 552, 555, 558, 569, 570, 571, 573, 574, 575, 576, 578, 586, 588, 590-591, 593, 599-600, 610-611, 621
Affidavits/ Affirmations in Reply 604, 605, 616, 629, 641-642, 646-647, 651-652, 658, 659, 660
Other Papers:
Upon the foregoing papers, second third-party defendant Eddie's VIP Construction NY Corp., (Eddies' VIP), moves for an order, pursuant to CPLR 3212, granting it summary judgment dismissing the second third-party complaint and dismissing the cross-claims asserted against it by third-party defendant Imperiex Construction, Inc., (Imperiex) (motion sequence number 15). Imperiex moves, pursuant to CPLR 3212, for an order: (1) granting it summary judgment dismissing plaintiff's Labor Law §§ 240 (1) and 241 (6) causes of action, dismissing the third-party action against it and dismissing any cross-claims against it; and (2) summary judgment in its favor on its contribution and common-law indemnification cross-claims against defendants/third-party plaintiffs/second third-party plaintiffs 840 Fulton, LLC, (840 Fulton), SP Corinth, LLC, Drum Hill LLC, 840 Fulton CAD, LLC, The Daten Group LLC and Titan Realty & Construction LLC, (Titan) (collectively referred to as defendants) (motion sequence number 16). Defendants move for an order, pursuant to CPLR 3212, granting them summary judgment dismissing plaintiff's common-law negligence and Labor Law §§ 200 and 240 (1) causes of action and summary judgment in their favor on their contractual indemnification claim as against Imperiex and Eddie's VIP (motion sequence number 17). Plaintiff moves for an order, pursuant to CPLR 2221, granting him leave to renew the portion of his prior motion for summary judgment on his Labor Law § 241 (6) cause of action that was denied in this court's order dated May 19, 2024, and, upon renewal, granting him summary judgment in his favor on that cause of action (motion sequence number 18).
Eddies' VIP's motion (motion sequence number 15) is granted only to the extent that the breach of contract for failure to obtain insurance claim on the behalf of SP Corinth, LLC, Drum Hill LLC, 840 Fulton CAD, LLC, and The Daten Group LLC is dismissed.
Imperiex's motion (motion sequence number 16) is granted only to the extent that plaintiff's Labor Law § 241 (6) cause of action is dismissed to the extent it is premised on Industrial Code (12 NYCRR) §§ 23-1.7 (e) (1); 23-1.15 (a-e); 23-1.16 (b-f); 23-1.17 (b-e); 23-1.28; 23-2.1 (a); 23-2.1 (b) and 23-2.5 and violations of Occupational Safety and Health Administration (OSHA) regulations and granted to the extent that defendants' breach of contract for failure to obtain insurance cause of action is dismissed as against Imperiex. Imperiex's motion is otherwise denied.
Defendants' motion (motion sequence number 17) is denied. However, in searching the record, the court grants defendants summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action to the extent it is premised on Industrial Code (12 NYCRR) §§ 23-1.7 (e) (1); 23-1.15 (a-e); 23-1.16 (b-f); 23-1.17 (b-e); 23-1.28; 23-2.1 (a); 23-2.1 (b); and 23-2.5 and violations of OSHA regulations.
Plaintiff's motion (motion sequence number 18) is denied.
 BACKGROUND
Plaintiff pleads causes of action premised on common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6) based on injuries allegedly suffered on August 28, 2018, when he slipped and fell down a flight of stairs while carrying a 90-pound roll of rubber roofing material up a staircase located in a building under construction. The building was owned by defendant 840 Fulton, LLC (840 Fulton). 840 Fulton hired defendant Titan Realty & [*2]Construction, LLC (Titan), to act as the construction manager for the project, and Titan, in turn, hired subcontractors to perform construction work on the project, including third-party defendant Imperiex Construction, Inc. (Imperiex), which performed roofing work, and second third-party defendant Eddie's VIP Construction NY Corp. (Eddie's VIP), which performed carpentry work. Plaintiff was employed by Imperiex as a laborer.
According to plaintiff's deposition testimony, on the morning of the accident, plaintiff and a coworker he knew as Oscar were directed to move approximately 25 to 30 rolls of rubber roofing material, each weighing approximately 90 pounds, from a pallet located on the first floor of the building up eight floors to the building's roof. Since the building's elevator was not available for use at that time, and because there was no material hoist or crane that plaintiff and his coworker could use to lift the material to the roof, the Imperiex supervisor at the jobsite directed plaintiff and Oscar to carry the rolls up the staircase. When asked if there was more than one staircase in the building, plaintiff stated that he only saw the one he was working in. At the time plaintiff was using the staircase, he observed that there were no handrails on the staircase, he saw no other workers working on or using the staircase, and he noticed that the entirety of the staircase was dirty and covered with pieces of wood and cement.
The accident occurred, according to plaintiff, after he had already carried five or six rolls up the staircase and was in the process of carrying up another roll from the fifth to sixth floors of the building. When he stepped on the landing at the sixth floor, plaintiff's right foot slipped on a thin, rectangular piece of wood that was approximately one and a half foot by one and a half foot, and plaintiff fell back down the stairs to the landing below. Plaintiff stated that he fell all the way down to the landing below because there were no handrails upon which to grab onto. Although plaintiff observed the piece of wood when he stepped on it, he had not noticed this piece of wood, or any other particular pieces of wood or cement, between the 5th and 6th floors during his previous trips up and down the staircase. 
At his deposition, Wille Sanchez, a supervisor employed by Imperiex, testified that he was at the jobsite before plaintiff started working and had noticed that there were temporary handrails on one side of the staircase and that there was garbage strewn about the stairs. Sanchez thereafter left the jobsite to check on another Imperiex jobsite and thus was not present at the time plaintiff had his accident. Sanchez returned to the building when he received a call from Titan's superintendent that plaintiff had been injured. When he arrived back at the jobsite, plaintiff had already been taken to a hospital by ambulance. Sanchez walked up the staircase on his return, and noticed that the temporary handrails had been removed, and that there was taping on the joints of the sheetrock that had not been present earlier. At that time, Sanchez saw little pieces of sheetrock on the floor of the staircase, but did not notice any pieces of wood. While Sanchez, at that time, did not observe carpenters doing any work on the staircase, he did observe laborers cleaning up and reinstalling the temporary handrail. Sanchez, thereafter, went to the hospital where plaintiff had been taken after the accident, and spoke to plaintiff, who told Sanchez that he had lost his balance and fell down the staircase. Plaintiff did not identify any reason why he lost his balance to Sanchez during this conversation.
Peter Brusca, a Titan construction superintendent who was present at the building on the day of the accident, learned of the incident when he received a call from one of Titan's laborers. When he arrived at the accident location, he observed plaintiff lying on the fifth-floor landing of the poured concrete internal staircase. Brusca spoke with plaintiff using one of Titan's laborers, who he knew as Jairo, as a translator. Plaintiff informed Brusca that he had lost his balance and [*3]fell backwards. In the accident report that Brusca prepared for Titan later that day, Brusca wrote that plaintiff, while carrying an 87-pound roll of roofing membrane between the 5th and 6th floors, had "lost his footing" and had fallen down the stairs to the fifth-floor landing. Brusca based this description of the accident on his conversation with plaintiff as translated by Jairo. Brusca also testified that, in his observations of the staircase after he arrived, he did not see any pieces of wood or sheetrock debris on the staircase. Like Sanchez, Brusca stated that the temporary handrail had been removed in order to allow Eddie's VIP to do dry wall taping. Both Brusca and Sanchez testified that there were two staircases that went from the ground level to the building's roof.
After issue was joined in this action, plaintiff moved for partial summary judgment in his favor with respect to his Labor Law §§ 240 (1) and 241 (6) causes of action. This court, in a decision and order dated May 19, 2024, denied plaintiff's motion. With respect to the Labor Law § 240 (1) cause of action, the court noted that the Appellate Division, Second Department has consistently held that falls on permanent staircases generally do not fall within the ambit of section 240 (1). The court also found that, even if section 240 (1) applied to the staircase, the accident, which according to plaintiff, was caused by him slipping on a piece of wood, might be deemed unrelated to the kind of risk calling for a section 240 (1) device.
With respect to the section 241 (6) cause of action, this court found that there was some case law suggesting that Industrial Code (12 NYCRR) §§ 23-1.7 (d) and 23-1.7 (e) (1), two of the sections relied upon plaintiff, might not apply. Nevertheless, the court further found that, assuming section 23-1.7 (d) and (e) (1) were applicable, there are factual issues as to whether they were violated. Namely, the wood piece plaintiff alleged he slipped on may be found integral to the work based on Sanchez's testimony that the drywall taping work, a possible source of the wood piece, was in progress at the time of the accident. In addition, the testimony of Sanchez and Brusca that plaintiff told them that he lost his balance and fell without mentioning that he slipped on a piece of wood is sufficient to demonstrate a factual issue as to whether the piece of wood was a proximate cause of plaintiff's fall. Regarding Industrial Code (12 NYCRR) § 23-2.7 (e), this court found that it was applicable, but that there were factual issues as to whether the removal of the temporary handrail was necessitated by the progress of the work and whether the absence of a handrail was a proximate cause of plaintiff's injuries.

DISCUSSION

Plaintiff's Motion to Renew
Plaintiff, in moving for leave to renew his summary judgment motion, asserts that renewal is justified based on recent Court of Appeals cases addressing certain Industrial Code sections. In order to grant renewal on this basis, plaintiff "must demonstrate that there has been a change in the law that would change the prior determination" (Pryce v Nationstar Mtge., LLC, 224 AD3d 857, 858 [2d Dept 2024]; see CPLR 2221 [e] [2]). Plaintiff did not submit a memorandum of law in support of the motion and has failed to identify the Court of Appeals cases that changed the law. Nevertheless, the court assumes that plaintiff is referring to the court's decision in Ruisech v Structure Tone Inc (42 NY3d 1061 [2024]), in which the Court rejected the Appellate Division's narrow interpretation of what may constitute a foreign substance for purposes of Industrial Code (12 NYCRR) § 23-1.7 (d), and in which the court also held that Industrial Code (12 NYCRR) § 23-1.7 (e) (2) is not limited to tripping accidents and may encompass an accident involving a slip and fall (Ruisech, 42 NY3d at 1064-1065).
The decision in Ruisech, however, does not require a different result here because this [*4]court, in its May 19, 2024 decision, alternatively held that, even if the piece of wood on which plaintiff slipped may be considered a foreign substance within the meaning of section 23-1.7 (d),[FN1]
there were still factual issues as to whether it was violated. Likewise, although Ruisech did not specifically address Industrial Code (12 NYCRR) § 23-1.7 (e) (1),[FN2]
assuming that its holding that section 23-1.7 (e) (2) applies to slip and falls would apply to section 23-1.7 (e) (1), this court likewise alternatively found that, assuming that section 23-1.7 (e) (1) was applicable, that there were factual issues that preluded the grant of summary judgment in plaintiff's favor. Ruisech, which did not address Industrial Code (12 NYCRR) § 23-2.7 (e), has no bearing on the court's determination relating to that section. Accordingly, although the Court's decision in Ruisech may require more liberal application of Industrial Code (12 NYCRR) §§ 23-1.7 (d) and 23-1.7 (e) (1), in view of the factual issues this court alternatively found, the decision in Ruisech would not require a different result, and thus, plaintiff has failed to demonstrate his entitlement to renewal (Pryce v Nationstar Mtge., LLC, 224 AD3d 857, 858 [2d Dept 2024]; see CPLR 2221 [e] [2]).
The court now turns to the remaining motions.
Labor Law § 240 (1)
Labor Law § 240 (1) imposes absolute liability on owners and contractors or their agents when they fail to protect workers employed on a construction site from injuries proximately caused by risks associated with falling from a height or those associated with falling objects (see Wilinski v 334 E. 92nd Housing Dev. Fund Corp., 18 NY3d 1, 7 [2011]; Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268 [2001]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500 [1993]). For a defendant to be held liable under Labor Law § 240 (1), a plaintiff's injuries must be "the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]; see Wilinski, 18 NY3d at 10).
As noted above, in its decision denying plaintiff's motion, this court found that the record showed that the staircase at issue was intended to be permanent and noted that the Appellate Division, Second Department has held that no liability under section 240 (1) attaches where a fall occurs on a permanent stairway that serves as a normal appurtenance in the building (see Verdi v SP Irving Owner, LLC, 227 AD3d 932, 936-937 [2d Dept 2024]; Sullivan v New York Athletic Club of City of NY, 162 AD3d 955, 957 [2d Dept 2018], lv dismissed 32 NY3d 1196 [2019]; Gallagher v Andron Constr. Corp., 21 AD3d 988, 989 [2d Dept 2005]; Parsuram v I.T.C. Bargain Stores, Inc., 16 AD3d 471, 472 [2d Dept 2005]). Recently, however, the Second Department, in Cagua v Bushwick Holdings, LLC (238 AD3d 698 [2d Dept 2025]), stated the [*5]fact that a staircase "was constructed as a permanent structure does not remove it from the reach of Labor Law § 240 (1)" (Cagua, 238 AD3d at 700, citing DaSilva v Toll GC LLC 224 AD3d 540 [1st Dept 2024]).[FN3]
The Second Department in Cagua concluded that the defendant failed to show that section 240 (1) was inapplicable or not a proximate cause of an accident that occurred when a coworker dropped one end of a heavy stairway railing that caused plaintiff to be pulled down a staircase by its weight (Cagua, 238 AD3d at 700). Since, under the doctrine of stare decisis, this court must follow the latest decision of its controlling appellate court (see Ingram Yuzek Gainen Carroll & Bertolotti, LLP v McCullar, 75 Misc 3d 1211[A], 2022 NY Slip Op 50466[U], *2 [Sup Ct, New York County 2022]; Imperio v City of New York, 14 Misc 3d 1231[A], 2007 NY Slip Op 50227[U], *3 [Sup Ct, Kings County 2007]; 1 Carmody-Wait 2d § 2:329; see also Vaughan v Leon, 94 AD3d 646, 649 n2 [1st Dept 2012]), it is the Second Department's decision in Cagua that this court is bound to follow.
Although not expressly discussed in Cagua, it would appear that the applicability of Labor Law § 240 (1) to plaintiff's fall on the permanent staircase will turn on whether the stairs served as plaintiff's only means of accessing the work area on the roof (see Jaimes-Gutierrez v 37 Raywood Dr., LLC, 233 AD3d 761, 762 [2d Dept 2024]; Esquivel v 2707 Creston Realty, LLC, 149 AD3d 1040, 1041 [2d Dept 2017]; Beharry v Public Stor., Inc., 36 AD3d 574, 574-575 [2d Dept 2007]; see also Solarte v Brearly Sch., 238 AD3d 541, 542 [1st Dept 2025]; Waldron v City of New York, 203 AD3d 565, 566 [1st Dept 2022]). Defendants - based on the deposition testimony of Sanchez, plaintiff's direct supervisor, and Brusca, a Titan supervisor, that there were two staircases that went through the floor to the roof - assert that the staircase at issue thus cannot constitute the sole means of accessing the roof. However, given plaintiff's testimony suggesting that he was not aware of the other staircase, there are factual issues as to whether the staircase at issue was, effectively, plaintiff's sole means of reaching the roof, and thus, as to whether section 240 (1) is applicable here (see Solarte, 238 AD3d at 542; Jaimes-Gutierrez, 233 AD3d at 762; DaSilva, 224 AD3d at 541; Caba v 587-91 Third Owner, LLC, 213 AD3d 520, 521 [1st Dept 2023]). Defendants' proof likewise fails to demonstrate, as a matter of law, that no section 240 (1) safety device was needed under the circumstances (Cagua, 238 AD3d at 700; DaSilva, 224 AD3d at 541; Caba, 213 AD3d at 521), or that plaintiff's fall resulted from a separate hazard wholly unrelated to the risk that brought about the need for the section 240 (1) safety device in the first instance (see Cohen v Memorial Sloan-Kettering Cancer Ctr., 11 NY3d 823, 825 [2008]; Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 916 [1999]; Krarunzhiy v 91 Cent. Park W. Owners Corp., 212 AD3d 722, 723-724 [2d Dept 2023]; Charles v City of New York, 227 AD2d 429, 430 [2d Dept 1996], lv denied 93 NY2d 803 [1999]).
Labor Law § 241 (6)
Turning to plaintiff's Labor Law § 241 (6) cause of action, under that section an owner, general contractor or their agent may be held vicariously liable for injuries to a plaintiff where [*6]the plaintiff establishes that the accident was proximately caused by a violation of an Industrial Code section stating a specific positive command that is applicable to the facts of the case (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 349-350 [1998]; Honeyman v Curiosity Works, Inc., 154 AD3d 820, 821 [2d Dept 2017]). "In order to establish prima facie entitlement to summary judgment, a defendant must show that the plaintiff failed to identify a section of the Industrial Code that was allegedly violated, that any such section is insufficiently specific to support liability or is inapplicable to the facts of the case, or that the defendant complied with the requirements of the identified provision" (Lopez v Kamco Servs., LLC, 231 AD3d 1142, 1144 [2d Dept 2024]; [internal quotation marks omitted]; Gonzalez v City of New York, 227 AD3d 958, 960 [2d Dept 2024]). Plaintiff, in his bill of particulars, alleged violations of Industrial Code (12 NYCRR) §§ 23-1.7 (d) and (e); 23-1.15 (a-e); 23-1.16 (b-f); 23-1.17 (b-e); 23-1.28; 23-2.1 (a); 23-2.1 (b); 23-2.5; and 23-2.7 (a-e) and violations of various Occupational Safety and Health Administration (OSHA) regulations.
In moving, Imperiex has demonstrated that Industrial Code (12 NYCRR) §§ 23-1.15 (a-e); 23-1.16 (b-f); 23-1.17 (b-e); 23-1.28; 23-2.1 (a); 23-2.1 (b); and 23-2.5 are insufficiently specific, inapplicable to the facts of the case, or were not violated. In addition, the OSHA violations may not be relied upon as a basis for a Labor Law § 241 (6) cause of action (see Alberto v DiSano Demolition Co., Inc., 194 AD3d 607, 608 [1st Dept 2021]; Vernieri v Empire Realty Co., 219 AD2d 593, 598 [2d Dept 1995]). Plaintiff, who has not addressed these sections in his opposition papers, has abandoned his reliance thereon (see Debennedetto v Chetrit, 190 AD3d 933, 936 [2d Dept 2021]).
On the other hand, Imperiex has failed to demonstrate, prima facie, that Industrial Code (12 NYCRR) § 23-1.7 (d), which addresses slipping hazards caused by "ice, snow, water, grease and any other foreign substance which may cause slippery footing" may not be relied upon here.[FN4]
That section has been found to contain specific directives (see Whalen v City of New York, 270 AD2d 340, 342 [2d Dept 2000]) and there are at least factual issues as to whether the staircase constitutes a passageway within the meaning of section 23-1.7 (d) (see Wowk v Broadway 280 Park Fee, LLC, 94 AD3d 669, 670 [1st Dept 2012]; Linkowski v City of New York, 33 AD3d 971, 974 [2d Dept 2006]; Whalen, 270 AD2d at 342). Imperiex, nevertheless, contends that the wood piece on which plaintiff alleges he slipped does not constitute "any other foreign substance" within the meaning of that section.
As noted in this court's May 19, 2024 decision, the Appellate Division, Second Department has held that "demolition" or "construction" debris are not the type of foreign substances contemplated by section 23-1.7 (d) (Verdi, 227 AD3d at 936; Nankervis v Long Is. Univ., 78 AD3d 799, 801 [2d Dept 2010]). However, after Verdi was decided, the Court of Appeals decided Ruisech (42 NY3d 1061 [2024]), which rejected the Appellate Division's narrow interpretation of what may constitute a foreign substance for purposes of Industrial Code (12 NYCRR) § 23-1.7 (d). Notably, in Ruisech, the plaintiff, who was installing a glass panel [*7]into a metal channel cut into the floor, slipped on concrete pebbles he believed came from the installation of the channel, a separate task that was not performed by plaintiff (Ruisech, 42 NY3d at 1064). In denying defendants' motion addressed to section 23-1.7 (d), the Court stated that the defendants "failed to demonstrate that the concrete pebbles that allegedly created the slipping hazard were integral to the work, because they did not conclusively show that the pebbles were 'inherent to the task at hand, and not . . . avoidable without obstructing the work or imperiling the worker'" (Ruisech, 42 NY3d at 1065, quoting Bazdaric v Almah Partners LLC, 41 NY3d 310, 320 [2024]). The Court then found that defendants "did not demonstrate that the concrete pebbles were not a 'foreign substance' because, at the time of the alleged injury, the pebbles were 'not a component of the [floor] and w[ere] not necessary to the [floor]'s functionality'" (id., quoting Bazdaric, 41 NY3d at 319). Finally, as relevant here, the Court stated that, "given plaintiff's deposition testimony that he was injured after slipping on the pebbles, 200 Park and CBRE did not demonstrate that the pebbles did not cause a "slippery condition" within the meaning of that provision (id.).[FN5]

Given this holding in Ruisech, the Court of Appeals has effectively overruled Verdi and other Appellate Division cases holding that construction debris cannot be considered a foreign substance. In view of plaintiff's testimony that he believed it was the wood board that caused him to slip, Imperiex has failed to demonstrate that the board did not constitute a slippery condition within the meaning of Industrial Code (12 NYCRR) § 23-1.7 (d). While Imperiex argues that the piece of wood resulted from ongoing drywall taping work, and its presence was thus integral to the work, since that work does not appear to have been proceeding at the moment plaintiff was climbing the stairs, Imperiex has failed to demonstrate as a matter of law that the debris was "inherent to the task at hand, and not . . . avoidable without obstructing the work or imperiling the worker" (Ruisech, 42 NY3d at 1065; see Lourenco v City of New York, 228 AD3d 577, 580 [1st Dept 2024]).
In view of plaintiff's testimony that he slipped and fell, Imperiex has demonstrated that Industrial Code (12 NYCRR) § 23-1.7 (e) (1), which applies to tripping hazards, is inapplicable (see Dyszkiedwicz v City of New York, 218 AD3d 546, 547 [2d Dept 2023]; Cooper v State of New York, 72 AD3d 633, 635 [2d Dept 2010]).[FN6]
Plaintiff, for the first time in opposition to Imperiex's motion, also contends that Industrial Code (12 NYCRR) § 23-1.7 (e) (2) is [*8]applicable.[FN7]
While this court finds that plaintiff can raise section 23-1.7 (e) (2) at this juncture (see Shaw v Scepter, Inc., 187 AD3d 1662, 1665 [4th Dept 2020]; Doto v Astoria Energy II, LLC, 129 AD3d 660, 664 [2d Dept 2015]), plaintiff has failed to show that the section is applicable because, at the time of the accident, the staircase was being used as a passageway and not as a working area (see Titov v V&M Chelsea Prop., LLC, 230 AD3d 614, 617 [2d Dept 2024]; Dyszkiewicz, 218 AD3d at 548).[FN8]

Contrary to Imperiex's contention, Industrial Code (12 NYCRR) § 23-2.7 (e), which sets requirements for safety rails and handrails on stairways,[FN9]
applies to the stairway at issue (see Cagua, 238 AD3d at 702; Waldron, 203 AD3d at 565-566; Pesantez v 650 Met Partners LLC, 2023 NY Slip Op 33637[U], *18-19 [Sup Ct, Kings County 2023]). Although the requirements for safety rails under section 23-2.7 (e) only mention the open sides of a staircase, the sentence of the section requiring handrails has no language limiting its application to open sides of a stairway. The testimony in the record to the effect that the handrails had been removed to allow the taping work to proceed is sufficient to demonstrate a factual issue as to whether the removal of the handrails was necessary for the carpenters to perform their drywall taping work, which work was an integral part of the job (see Salazar v Novalex Contr. Corp., 18 NY3d 134, 140 [2011]). Nevertheless, that testimony fails to demonstrate the integral to work defense as a matter of law — most notably because of the testimony that there was another staircase, which would have allowed the closure of the staircase at issue to other workers while the taping work proceeded (see Ruisech, 42 NY3d at 1065; Bazdaric, 41 NY3d at 320; Maldonado v Hines 1045 Ave. of the Ams. Invs. LLC, 227 AD3d 502, 503 [1st Dept 2024]; Murphy v 80 Pine, LLC, 208 AD3d 492, 497 [2d Dept 2022]). Additionally, plaintiff's testimony that he had nothing to grab onto as he fell is sufficient to demonstrate a factual issue as to whether the absence of handrails was a proximate cause of plaintiff's injuries (see Curto v Kahn Property Owner, LLC, 225 AD3d 660, 661-662 [2d Dept 2024]; cf. Waldron, 203 AD3d at 565-566).
Common-Law Negligence and Labor Law § 200
Defendants have demonstrated, prima facie, that they did not exercise more than general supervisory control over plaintiff's work and thus, that they are entitled to dismissal of plaintiff's common-law negligence and Labor Law § 200 cause of action to the extent it is premised on the [*9]means and methods of the work theory of liability (see Pisculli v Tew, 238 AD3d 919, 921 [2d Dept 2025]; Wilson v Bergon Constr. Corp., 219 AD3d 1380, 1383 [2d Dept 2023]). However, plaintiff's complaint, bill of particulars, and deposition testimony also gave defendants notice that plaintiff's common-law negligence and Labor Law § 200 causes of action also rested on a dangerous premises condition theory of liability based on the presence of the piece of wood and the absence of handrails at the time of the accident (see Rodriguez v HY 38 Owner, LLC, 192 AD3d 839, 842 [2d Dept 2021]; see also Weiss v Metropolitan Suburban Bus Auth., 106 AD3d 727, 728 [2d Dept 2013]). With respect to the piece of wood debris, defendants offered no first hand evidence of when the staircase was last inspected and/or cleaned prior to the accident (see Titov v V&M Chelsea Prop., LLC, 230 AD3d 614, 618 [2d Dept 2024]; Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 958 [2d Dept 2021]; Ellis v Sirico's Catering, Inc., 194 AD3d 692, 693-694 [2d Dept 2021]; Bessa v Anflo Indus., Inc., 148 AD3d 974, 978 [2d Dept 2017]).[FN10]
Plaintiff's testimony that he did not notice the wood piece during his prior trips up or down the stairs and the testimony of Sanchez, the Imperiex supervisor, that he did not see any "problems" with the stairs at 10:00 a.m., which was hours before the approximately 2:00 p.m. accident, are insufficient to establish that defendants lacked constructive notice of the debris (see Cavedo v Flushing Commons Prop. Owner, LLC, 217 AD3d 561, 562 [1st Dept 2023]). Defendants have also failed to demonstrate that a handrail was not required, that removal of the temporary handrail was integral to the work at the time of plaintiff's accident or that its absence was not a proximate cause of plaintiff's injuries (see Curto, 225 AD3d at 661-662; Adzei v Edward Bldrs., Inc., 221 AD3d 639, 641 [2d Dept 2023]; Palmer v Prima Props., Inc., 101 AD3d 1094, 1094-1095 [2d Dept 2012]; Asaro v Montalvo, 26 AD3d 306, 307 [2d Dept 2006]).
Indemnification and Insurance Issues
Imperiex is not entitled to summary judgment in its favor on its common-law indemnification and contribution causes of action as it has failed to demonstrate that any finding against it would be based solely on vicarious liability (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374-375 [2011]). In any event, it has also failed to demonstrate the absence of factual issues as to whether it supervised and controlled the injury producing work (cf. Debennedetto, 190 AD3d at 576). It is also not entitled to summary judgment in its favor on its contribution claims, as a party is only entitled to recover on a contribution claim upon a jury determination of apportionment of damages and the payment of damages in excess of that party's proportionate share of the judgment (see Klinger v Dudley, 41 NY2d 362, 369 [1977]; CPLR 1401, 1402). The portion of Imperiex's motion seeking dismissal of the contribution and common-law indemnification claims against it is denied as Imperiex has failed to demonstrate the absence of factual issues as to whether the accident arose out of the means and methods of the injury producing work and it, as plaintiff's employer, supervised and controlled plaintiff's work (see Golec v Dock St. Constr., LLC, 186 AD3d 463, 466 [2d Dept 2020]; see also Zong Wang Yang v [*10]City of New York, 207 AD3d 791, 796-797 [2d Dept 2022]).[FN11]
For the same reason, it has failed to demonstrate that the accident did not arise out of Imperiex's work (see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]; O'Connor v Serge El. Co., 58 NY2d 655, 657-658 [1982]; Torres-Quito v 1711 LLC, 227 AD3d 113, 119 [1st Dept 2024]; Castro v Wythe Gardens, LLC, 217 AD3d 822, 826 [2d Dept 2023]), or that the accident was not caused by a negligent act of Imperiex, or one of its employees for purposes of defendants' contractual indemnification claim as against it (see Golec, 186 AD3d at 466).[FN12]

On the other hand, Imperiex has demonstrated, prima facie, that it complied with the insurance procurement requirements of its contract with Titan by supplying copies of the respective policies that contain blanket additional insured endorsements that appear to facially comply with the insurance procurement requirements of the contract (see Langer v MTA Capital Constr. Co., 184 AD3d 401, 402-403 [1st Dept 2020]; Perez v Morse Diesel Intl., Inc., 10 AD3d 497, 498 [1st Dept 2004]; see also Kassis v Ohio Cas. Ins. Co., 12 NY3d 595, 599-600 [2009]). Since defendants have not addressed this aspect of Imperiex's motion in opposition, Imperiex is entitled to dismissal of the breach of contract for failure to obtain insurance cause of action.
In moving for summary judgment dismissing the second third-party action as against it, Eddie's VIP points to the deposition testimony of its president/owner, Edidijus Martinkevicius, who stated that Eddie's VIP's only work on the staircase at issue involved sheetrock taping work on the second floor and, after the accident, the installation of a temporary handrail on the staircase. Although this work would appear to have no relation to the accident, Martinkevicius also testified that Eddie's VIP was performing sheetrock work in the units located on the sixth and seventh floors of the building that could have led to the creation of plywood scrap pieces. This testimony by Martinkevicius, who had left the jobsite around noon, and who was not present at the time of the accident, is insufficient to demonstrate the absence of factual issues with respect to whether Eddie's VIP was the source of the piece of wood on which plaintiff alleges he slipped (see Zong Wang Yang v City of New York, 207 AD3d 791, 796-797 [2d Dept 2022]; Ladignon v Lower Manhattan Dev. Corp., 128 AD3d 534, 535 [1st Dept 2015]; Arenas v Bon-Ton Dept. Stores, Inc., 35 AD3d 1205, 1207 [4th Dept 2006]). In view of this failure, Eddie's VIP is not entitled to dismissal of defendants' claims for contribution, common-law indemnification and contractual indemnification.
Contrary to the contention of Eddie's VIP, its contract with Titan contains an insurance procurement provision that effectively requires Eddie's VIP to obtain insurance naming Titan [*11]and 840 Fulton, LLC as additional insureds on its general liability policy (see Titan/Eddie's VIP contract art. 11). Further, the policy declaration page submitted by Eddie's VIP fails to demonstrate, prima facie, that the policy obtained by Eddie's VIP complied with the requirements of the insurance procurement provision (see Harrison v Consolidated Edison Co. of NY, Inc., 232 AD3d 587, 589 [2d Dept 2024]). Given that Eddie's VIP has failed to demonstrate its prima facie entitlement to summary judgment in this respect, this aspect of its motion must be denied despite defendants' failure to address the insurance issues in their opposition papers (see Caliber Home Loans, Inc. v Squaw, 190 AD3d 926, 927-928 [2d Dept 2021]; Exit Empire Realty v Zilelian, 137 AD3d 742, 743 [2d Dept 2016]). On the other hand, since the only entities specifically identified in Titan/Eddie's VIP contract are Titan and 840 Fulton LLC, Eddie's VIP is entitled to dismissal of the breach of contract claim with respect to defendant SP Corinth, LLC, Drum Hill LLC, and the Daten Group LLC because they are not identified as intended beneficiaries of the insurance procurement requirements of the contract (see Sukhram v Forest City Myrtle Assoc., LLC, 231 AD3d 890, 891-892 [2d Dept 2024]; Perron v Hendrickson/Scalamandre/Posillico [TV], 292 AD2d 361, 362 [2d Dept 2002]).
Finally, in view of the factual issues with respect to defendants' own negligence and with respect to the negligence of Imperiex and Eddie's VIP discussed herein, defendants are not entitled to summary judgment in their favor on their contractual indemnification claim against them.
This constitutes the decision and order of the court.

Footnotes

Footnote 1:Industrial Code (12 NYCRR) § 23-1.7 (d) provides, "Slipping hazards. Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing."

Footnote 2:Industrial Code (12 NYCRR) § 23-1.7 (e) (1) provides that, "Passageways. All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered."

Footnote 3:In DaSilva, the plaintiff was injured while attempting to maneuver a heavy staircase mold that plaintiff and a coworker were carrying up a permanent staircase around a vertical support column when plaintiff slipped on debris and fell down the stairs (DaSilva, 224 AD3d at 541). The court found that the accident was covered under Labor Law § 240 (1) since plaintiff had been instructed to work on the staircase and had not been provided with any safety devices to carry the mold the up the stairs (id.).

Footnote 4:Industrial Code (12 NYCRR) § 23-1.7 (d) provides: "Slipping hazards. Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing."

Footnote 5:In Bazdaric, the Court of Appeals found that a plastic covering placed on an escalator constituted a "foreign substance" for purposes of 23-1.7 (d), and made clear that the focus of the "foreign substance" language in that section is whether it creates a slippery condition, not that the substance is similar in composition to the enumerated substances of "Ice, snow, water, grease" (Bazdaric 41 NY3d at 318-319).

Footnote 6:Although the Court in Ruisech found that Industrial Code (12 NYCRR) § 23-1.7 (e) (2) is not just limited to tripping hazards, but also applies to "other hazards" caused by the described conditions (see Ruisech, 42 NY3d at 1065), it is not entirely clear that this holding would apply to Industrial Code (12 NYCRR) § 23-1.7 (e) (1). Accordingly, this court finds that it is still bound by Appellate Division, Second Department cases such as Dyszkiewicz and Cooper.

Footnote 7:In his bill of particulars, plaintiff did not specify which subdivisions of Industrial Code (12 NYCRR) § 23-1.7 (e) on which he was relying and in his own motion for summary judgment, plaintiff only specifically addressed Industrial Code (12 NYCRR) § 23-1.7 (e) (1).

Footnote 8:The court notes that this reading of Industrial Code (12 NYCRR) § 23-1.7 (e) (2) by the Second Department does not appear to account for the fact that the language of that section references areas not just where persons "work" but alternatively includes areas where they "pass."

Footnote 9:Industrial Code (12 NYCRR) § 23-2.7 (e) provides that, "Protective railings. The stairwells of temporary wooden stairways and of permanent stairways where enclosures or guard rails have not been erected shall be provided with a safety railing constructed and installed in compliance with this Part (rule) on every open side. Every stairway and landing shall be provided with handrails not less than 30 inches nor more than 40 inches in height, measured vertically from the nose of the tread to the top of the rail."

Footnote 10:Defendants make no argument that they did not have control of the worksite (see Bessa, 148 AD3d at 978; cf. Derosas v Rosmarins Land Holdings, LLC, 148 AD3d 988, 991 [2d Dept 2017]).

Footnote 11:Even though defendants did not oppose this aspect of Imperiex's motion, Imperiex was still required to demonstrate its prima facie entitlement to summary judgment (see Caliber Home Loans, Inc. v Squaw, 190 AD3d 926, 927-928 [2d Dept 2021]; Exit Empire Realty v Zilelian, 137 AD3d 742, 743 [2d Dept 2016]). The court notes that Imperiex made no argument that it is entitled to dismissal of those claims based on the Workers' Compensation Law.

Footnote 12:As is relevant here, the indemnification provision of Imperiex's contract with Titan provides that Imperiex must indemnify Titan and the 840 Fulton CAD LLC for bodily injuries "arising" from the work that are "caused in whole 
or
in part by any negligent act or omission of the Contractor, any subcontractor of Contractor, anyone directly or indirectly employed by any of them." (Titan-Imperiex Contract Art. 10).